**08 CV 2438**

ADR, CLOSED

## U.S. District Court
## Northern District of New York - Main Office (Syracuse) [LIVE - Version 3.1.2]
### (Plattsburgh)
## CIVIL DOCKET FOR CASE #: 8:07-cv-00861-LEK-DRH
### Internal Use Only

Lamarche v. Greyhound Lines Inc. et al
Assigned to: Senior Judge Lawrence E. Kahn
Referred to: Magistrate Judge David R. Homer
Demand: $75,000
Cause: 28:1332 Diversity-Tort/Motor Vehicle (P.I.)

Date Filed: 08/23/2007
Date Terminated: 03/06/2008
Jury Demand: Defendant
Nature of Suit: 350 Motor Vehicle
Jurisdiction: Diversity

**Plaintiff**

**Cindylyn Lamarche**

represented by **E. Stewart Jones, Jr.**
Office of E. Stewart Jones, Jr.
28 Second Street
Jones Building
Troy, NY 12180
518-274-5820
Fax: 518-274-5875
Email: bessetca@esjlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Greyhound Lines Inc.**

represented by **Kevin B. Pollak**
Fabiani, Cohen Law Firm
570 Lexington Avenue
New York, NY 10022
212-644-4420
Fax: 212-207-8182
Email: pollakk@fcllp.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Laidlaw International, Inc.**

represented by **Kevin B. Pollak**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| | | |



| 08/23/2007 | ❶1 | COMPLAINT against Greyhound Lines Inc., Laidlaw International, Inc. ( Filing fee $ 350 receipt number 839954) filed by Cindylyn Lamarche. (Attachments: # 1 Civil Cover Sheet)(sfp, ) (Entered: 08/23/2007) |
| --- | --- | --- |
| 08/23/2007 | ❶2 | G.O. 25 FILING ORDER ISSUED: Rule 16 Initial Conference set for 1/8/2008 at 09:30 AM in Albany before Magistrate Judge David R. Homer. Civil Case Management Plan due by 12/31/2007. (sfp, ) (Entered: 08/23/2007) |
| 08/23/2007 | ❶3 | Summons Issued as to Greyhound Lines Inc.. (sfp, ) (Entered: 08/23/2007) |
| 08/23/2007 | ❶4 | Summons Issued as to Laidlaw International, Inc.. (sfp, ) (Entered: 08/23/2007) |
| 09/04/2007 | ❶5 | AFFIDAVIT of Service for summons, complaint, General Order #25 served on Greyhound Lines, Inc. on 8/28/2007, filed by Cindylyn Lamarche. (Jones, E.) (Entered: 09/04/2007) |
| 09/17/2007 | ❶6 | ANSWER to Complaint with Jury Demand by Greyhound Lines Inc., Laidlaw International, Inc..(Pollak, Kevin) (Entered: 09/17/2007) |
| 09/17/2007 | ❶7 | FRCP 7.1 CORPORATE DISCLOSURE STATEMENT by Greyhound Lines Inc., Laidlaw International, Inc. identifying Laidlaw Transportation Holdings, Inc., Laidlaw Transportation Inc., Laidlaw International, Inc. as Corporate Parent.. (Pollak, Kevin) (Entered: 09/17/2007) |
| 09/24/2007 | ❶8 | AFFIDAVIT of Service for Summons,Complaint, General Order #25 served on Laidlaw International, Inc. on 9/13/2007, filed by Cindylyn Lamarche. (Jones, E.) (Entered: 09/24/2007) |
| 11/27/2007 | ❶ | TEXT NOTICE re 2 G.O. 25 Filing Order. The Rule 16 Scheduling Conference previously set for 1/8/2008 at 9:30 AM is RESCHEDULED to FEBRUARY 19, 2008 at 11:00 AM to be held with related cases Cadelis v. Greyhound Lines, 07-CV-994 and Bah v. Greyhound Lines, 07-CV-1112. Those attorneys wishing to appear by telephone are requested to notify chambers at 518-257-1850. The Case Management Plan shall be e-filed on or before 2/13/2008 (lah, ) (Entered: 11/27/2007) |
| 01/17/2008 | ❶ | TEXT NOTICE. The Rule 16 Scheduling Conference with Magistrate Judge Homer previously rescheduled to 2/19/2008 at 11:00 AM is RESCHEDULED to MARCH 18, 2008 at 9:30 AM. The conference will be conducted by telephone. The Case Management Plan is to be e-filed on or before 3/17/2008, 12:00 Noon. Counsel for Greyhound advised chambers that all parties have agreed to reschedule the R16 conference. Please mark your calendars accordingly. (lah, ) (Entered: 01/17/2008) |
| 03/06/2008 | ❶9 | STIPULATION *CONSENTING TO TRANSFER OF ACTION TO UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK [500 Pearl Street Courthouse]* by Greyhound Lines Inc., Laidlaw International, Inc. submitted to Judge Kahn. (Pollak, Kevin) (Entered: 03/06/2008) |
| 03/06/2008 | ❶10 | STIPULATION and ORDER TRANSFERRING CASE to Southern |



| | | District of New York. Signed by Magistrate Judge David R. Homer on 3/6/08. (ban) (Entered: 03/06/2008) |
| --- | --- | --- |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CINDYLYN LAMARCHE

                            Plaintiff,

                                                        COMPLAINT

        -against-

GREYHOUND LINES, INC. and
LAIDLAW INTERNATIONAL, INC.

                            Defendants.
_____

## PLAINTIFF DEMANDS A TRIAL BY JURY.

The plaintiff, through her attorney, E. STEWART JONES, PLLC, alleges:

### JURISDICTION

1.      That at all times relevant, the plaintiff CINDYLYN LAMARCHE was a citizen of Canada.

2.      That at all times relevant, the defendant, GREYHOUND LINES, INC., was a Delaware corporation authorized to do business in the State of New York.

3.      That at all times relevant, the defendant, GREYHOUND LINES, INC., was a subsidiary of defendant, LAIDLAW INTERNATIONAL, INC.

4.      That at all times relevant, the defendant, LAIDLAW INTERNATIONAL, INC., was a Delaware corporation which operated intercity passenger bus lines throughout the United States and Canada, including New York State.

5.      That at all times relevant, the defendant, GREYHOUND LINES, INC., was a common carrier whose primary business was to provide intercity passenger bus service in the United States and which owned and operated multiple passenger buses, including bus #4014.

6.      That at all times relevant, the defendant, GREYHOUND LINES, INC., operated its business from numerous locations throughout the State of New York, including New York City,

1

Albany and Saratoga Springs.

7.    The amount in controversy exceeds $75,000.00, exclusive of costs, interest and attorney's fees.

8.    This Court has jurisdiction over this matter between the plaintiff and the defendants pursuant to the diversity of citizenship provision of 28 U.S.C. § 1332.

9.    Defendants are subject to *in personam* jurisdiction in the Northern District of New York pursuant to the provisions of Federal Rule of Civil Procedure 4(e)(1) in that defendants are subbject to long-arm jurisdiction under New York State law pursuant to Civil Practice Law and Rules §302 as a non-domiciliary that committed a tortious act within the state.

## FACTS

9.    On August 28, 2006, Greyhound bus #4014 departed New York City bound for Montreal, Canada, stopping to pick up additional passengers along the way, including stops at Albany and Saratoga Springs.

10.    On August 28, 2006, at approximately 6:45 p.m., the said Greyhound bus was traveling north on Interstate 87 in Essex County, New York when it went off the highway and rolled over in the median.

11.    As a result of the aforesaid accident, many passengers of the said Greyhound bus were injured, including the plaintiff herein.

## FOR A CAUSE OF ACTION FOR PERSONAL INJURIES:

12.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs numbered "1" through "11" herein, as if fully set forth at length herein.

13.    That on August 28, 2006, the aforesaid Greyhound bus #4014 was driven by an agent and/or employee of defendants, GREYHOUND LINES, INC. and/or LAIDLAW INTERNATIONAL, INC., said driver acting in the course and scope of his employment with the said defendants, which defendants are thus vicariously responsible for the acts of negligence and/or gross negligence of the driver pursuant to the *Doctrine of Respondeat Superior.*

2

13.    That by reason of the aforesaid, as a direct and proximate result of the negligence, gross negligence and/or recklessness of the defendants, the plaintiff sustained serious and permanent personal injuries and substantial damages.

14.    That the incident and the injuries and damages were caused by the negligent acts of the defendants, without any fault on the part of the plaintiff contributing thereto.

15.    That by reason of the foregoing, the plaintiff has sustained damages in excess of $75,000.00, exclusive of costs, interest and attorney's fees.

WHEREFORE, the plaintiff demands judgment against the defendants jointly and severally for damages in excess of $75,000.00, together with the costs and disbursements of this action, and for such other and further relief as to the Court seems just and proper.

DATED: August 21, 2007

_s/E. Stewart Jones, Jr._
E. STEWART JONES, JR.
Bar Roll Number 103064
E. STEWART JONES, ESQ.
Attorney for Plaintiff
Office and P.O. Address
28 Second Street
Troy, New York 12181

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

CINDYLYN LAMARCHE

## DEFENDANTS

GREYHOUND LINES, INC. AND LAIDLAW INTERNATIONAL, INC.

**(b)** County of Residence of First Listed Plaintiff

CANADA    (EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant

(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number) 518-274-5820

E. Stewart Jones, PLLC
28 Second Street, Troy, NY 12180

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 895 Freedom of Information Act |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC §1332

Brief description of cause:
plaintiff passenger in bus which was involved in rollover accident on I87

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $450,000

CHECK YES only if demanded in complaint:

JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE
8-21-07

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF NEW YORK

# NOTICE

## THE ATTACHED FILING ORDER IS A TIME SENSITIVE DOCUMENT

This filing order is to be served on all parties to the action along with the complaint or petition for removal within **sixty (60) days** of filing this action.

The attached Civil Case Management Plan must be completed and filed with the clerk no later than **ten (10) days** prior to the conference date referenced below.

CONFERENCE DATE/TIME: **January 8, 2008, at 9:30AM**

CONFERENCE LOCATION: **Albany, New York**

BEFORE MAGISTRATE JUDGE: **DAVID R. HOMER**

CONTENTS:

- ✪ General Order #25 (Filing Order)

- ✪ Case Management Plan (Attachment B)

- ✪ Case Assignment/Motion Schedules and Filing Locations (Attachment C)

- ✪ Consent Form to Proceed before U.S. Magistrate Judge (Attachment D)

**NOTE: IF THIS IS A QUALIFYING CONTRACT, TORT OR NON-PRISONER CIVIL RIGHTS CASE IT WILL BE DIVERTED INTO THE DISTRICT'S NON-BINDING ALTERNATIVE DISPUTE RESOLUTION PROGRAM (ADR) FOR Arbitration, Mediation or Early Neutral Evaluation.  The Clerk will indicate the appropriate track based on the Nature of Suit.**

---

__X__ ADR Track

---

Form Date - 06/18/2004

# UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF NEW YORK

### GENERAL ORDER #25

## I. PURPOSE

It is the policy of this court to help litigants resolve their civil disputes in a just, timely and cost-effective manner. To that end, this court has adopted an Expense and Delay Reduction Plan in accordance with the Civil Justice Reform Act of 1990. This will tailor the level of individualized case management needs to such criteria as case complexity, and the amount of time reasonably needed to prepare the case for trial.

## II. SCOPE

This order applies to all civil cases filed in this court except: multi-district litigation, cases remanded from the appellate court, reinstated and reopened cases, and cases in the following nature of suit categories indicated on the civil cover sheet: Prisoner Petitions(510-550), Forfeiture/Penalty (610-690), Bankruptcy (422-423), Social Security (861-865) Contracts (only nos. 150: Recovery of Overpayment and Enforcement of Judgment 151: Medicare Act, 152: Recovery of Defaulted Student Loans, 153: Recovery of Overpayment of Veteran's Benefits, and other contract actions which involve the collection of debts owed to the United States), Real Property (only no. 220: Foreclosure, and other Statutes (only no. 900: Appeal of Fee Determination Under Equal Access to Justice).

*Note - When the Court deems it appropriate, Rule 16 Scheduling Conferences will be held in the above excepted actions.

The Court has adopted the guidelines of civility as outlined in the New York State Bar Association Guidelines on Civility in Litigation, a copy of which is available on the courts web-site at www.nynd.uscourts.gov.

## III. SERVICE

### A. Timing:

When serving a Complaint or Notice of Removal, the filing party shall serve on all other parties a copy of this General Order and the attached materials. Service of process should be completed within **Sixty** (60) days from the initial filing date. This expedited service is necessary to fulfill the dictates of the Civil Justice Reform Act Expense and Delay Reduction Plan of this court and to ensure adequate time for pretrial discovery and motion practice. However, in no event shall service of process be completed after the time specified in Fed. R. Civ. P. 4, or any other Rule or Statute which may govern service of process in a given action.

### B. Filing Proof(s) of Service:

Proof(s) of service of process are to be filed with the clerk's office no later than five (5) days after service of the complaint or notice of removal with a copy of this General Order.

### C. Non Compliance with Sixty (60) Day Service Requirement:

In the event that the filing party cannot comply with the Sixty (60) day service requirement, that party shall immediately notify the assigned Magistrate Judge and request an adjournment of the initial Rule 16 case management conference date contained in the attached Civil Case Management Plan.

If an adjournment of the conference date is granted, it shall be the responsibility of the filing party to notify all parties to the action of the new date, time and location for the case management conference. Proof of service of such notice shall then be immediately filed with the clerk's office.

## IV.  ADDITIONAL PARTIES

Any party who, after the filing of the original complaint or notice of removal, causes a new party to be joined in the action shall promptly serve on that new party a copy of General Order 25 along with any additional Uniform Pretrial Scheduling Order that has been entered by the court.

## V.  REMOVED CASES

In cases removed to this court from a state court, the removing defendant(s) shall serve on the plaintiff(s) and all other parties, at the time of service of the notice of removal, a copy of this General Order with the attached materials.  The filing of a motion for remand does not relieve the moving party of any obligation under this General Order unless the assigned judge or magistrate judge specifically grants such relief.

## VI.  TRANSFERRED CASES

The clerk shall serve a copy of this General Order on all parties that have appeared in any action transferred to this district. The clerk shall set a return date for the initial Rule 16 case management conference on the form attached to the General Order. It shall be the obligation of the plaintiff or plaintiff's counsel to arrange for completion of the attached Case Management Plan and to file the Plan with the clerk and to serve this General Order upon any party who had not appeared in the action at the time of transfer.

Attorneys appearing in transferred cases are reminded of their obligation to be properly admitted to this district in accordance with Local Rule 83.1.

## VII.    MATERIALS INCLUDED WITH THIS GENERAL ORDER PACKET

A)    Notice of Initial Rule 16 Case Management Conference
B)    Civil Case Management Plan
C)    Case Assignment Form
D)    Notice and Consent Form to Exercise of

Jurisdiction by a United States Magistrate Judge

## VIII. ADR PROGRAMS

It is the mission of this court to do everything it can to help parties resolve their disputes as fairly, quickly, and efficiently as possible. We offer a wide selection of non-binding alternative dispute resolution (ADR) options - each of which provides different kinds of services so that parties can use the procedure that best fits the particular circumstances of their case. Selected Contract, Tort and non-prisoner Civil Rights cases will be diverted into Court-Annexed non-binding Arbitration, Mediation or Early Neutral Evaluation. The Northern District of New York alternative dispute resolution programs are governed by Local Rules 83.7 (Arbitration), 83.11-1, (Mediation), and 83.12-1 (Early Neutral Evaluation). The parties are encouraged to discuss the ADR alternatives in advance of the Rule 16 Pretrial Conference. At the Rule 16 Pretrial Conference, the assigned Magistrate Judge or District Court Judge will assist the parties in the selection of an appropriate ADR alternative.

In addition to Arbitration, Mediation and Early Neutral Evaluation, the court also offers the following ADR processes:

### A) Settlement Conferences:

The parties are advised that the court will honor a request for a settlement conference at any stage of the proceeding. A representative of the parties with the authority to bind the parties must be present with counsel or available by telephone at any settlement conference.

### B) Consent to Jury or Court Trial Before A United States Magistrate Judge:

By written stipulation, the parties to any civil action may elect to have a magistrate judge (instead of the assigned Article III judge) conduct all proceedings in any civil case, including presiding over a jury or bench trial. A trial before a magistrate judge is governed by the same procedural and evidentiary rules as trial before a district judge. The right to appeal is automatically preserved to the United States Court of Appeals under the same standards which govern appeals from an Article III judge. Parties often consent to resolution of their civil disputes by magistrate judge bench or jury trial because magistrate judges have less crowded calendars.

## IX. DISCOVERY

**A. Discovery Motions:** Prior to bringing a discovery dispute to a Magistrate Judge, the parties must confer in good faith in accordance with the provisions of Local Rule 7.1(d). In addition, no non-dispositive or discovery motions should be presented to the Court unless authorized by the Magistrate Judge after communication with the Magistrate Judges' chambers.

**B. Filing Discovery:** Parties are directed not to file discovery material unless it is being filed in accordance with Local Rule 26.2.

For additional information on local requirements related to depositions and discovery please refer to Section V. of the Local Rules of this court.

## X. MOTIONS

**A. Motion Return Dates:** Please refer to the attached case assignment form for a complete listing of the motion return dates for the judges and magistrate judges of this court.

For additional information on local requirements related to motion practice, please refer to Local Rule 7.1.

## XI. CASE MANAGEMENT CONFERENCE

Except in actions exempted under Section II of this order, or when otherwise ordered by the court, the parties shall as soon as practicable, meet to jointly address each item contained in the attached Case Management Plan packet. The completed plan is to be filed with the clerk not later than **ten (10) days** prior to the conference date. The NOTICE setting the date, time, and location for the initial Rule 16 conference with the court is included as part of this filing order.

The Civil Justice Reform Act Plan of this court requires the court to set "early, firm" trial dates, such that the trial is scheduled to occur within eighteen (18) months after the filing of the complaint, unless a judicial officer certifies that (I) the demands of the case and its complexity make such a trial date incompatible with serving the ends of justice; or (II) the trial cannot reasonably be held within such time because of the complexity of the case or the number or complexity of pending criminal cases.

## XII. ELECTRONIC FILING

As of January 1, 2004, all documents submitted for filing by attorneys admitted to practice in the Northern District of New York shall be filed electronically using the CM/ECF system. Refer to General Order #22 for procedures for filing documents electronically. Attorneys must be registered for both PACER and CM/ECF. Consult the CM/ECF section of the courts web-site at www.nynd.uscourts.gov for PACER registration, CM/ECF registration, CM/ECF training dates, and General Order #22.

**REVISED GENERAL ORDER #25**
**Dated:   June 18, 2004**

_____s/_____

**Hon. Frederick J. Scullin, Jr.**
**Chief U.S. District Judge**

G-25.ord - FRM Date: 06/18/04

The 3/30/95 revision clarifies the time frame for filing the case management plan. The revision also includes a provision for issuing G-25 orders on excepted actions when the court deems it appropriate to schedule a Rule 16 conference.

The 3/26/97 revision expands the scope of ADR programs offered by the Northern District of New York and removes the reference to General Order #41 which was incorporated into Local Rule 7.1(b)1 on January 1, 1997.

The 11/30/00 revision allows for the inclusion of non-prisoner civil rights cases in the ADR program.

The 04/01/02 revision modifies Section IX - Discovery motions.

The 06/18/04 revision adds Section XII - Electronic Filing.

## CIVIL CASE MANAGEMENT PLAN

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**Cindylyn LaMarche**

No. **8:07-CV-0861, LEK/DRH**

VS

**Greyhound Lines, Inc., et al.**

_____

**IT IS HEREBY ORDERED that,** Pursuant to Rule16(b), Federal Rules of Civil Procedure, a status and scheduling conference will be held in this case before the Honorable DAVID R. HOMER, United States Magistrate Judge on **January 8, 2008, at 9:30AM** at the United States Courthouse, Room Number 441, at Albany, New York.

Counsel for all parties or individuals appearing pro se in the above-captioned action are directed to confer in accordance with Fed. R. Civ. P. 26(f) with respect to all of the agenda items listed below.  That meeting must be attended in person or, if counsel for the parties are not located in the same city and do not agree to meet in person, then by telephone, and must be held at least **twenty-one (21) days** before the scheduled Rule 16 Conference.  Following that Rule 26(f) meeting, a report of the results of that meeting, in the format set forth below, must be filed with the clerk within **fourteen (14) days** after the date of the Rule 26(f) meeting or not later than **ten (10) days** prior to the scheduled Rule 16 conference with the Court, whichever date is earlier.  Matters which the Court will discuss at the status conference will include the following: (insert a separate subparagraph as necessary if the parties disagree):

**1) JOINDER OF PARTIES:** Any application to join any person as a party to this action shall be made on or before the _____ day of _____, _____.

**2) AMENDMENT OF PLEADINGS:** Any application to amend the pleadings to this action shall be made on or before the _____ day of _____, _____.

**3) DISCOVERY:** All discovery in this action shall be completed on or before the _____ day of _____, _____. **(Discovery time table is to be based on the complexity of the action)**

**4) MOTIONS:** All motions, including discovery motions, shall be made on or before the _____ day of _____, _____. **(Non-Dispositive motions including discovery motions may only be brought after the parties have complied with Section IX of General Order #25)**

Form Date - 06/18/2004

**5) PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL:** The action will be ready to proceed to trial on or before the _____ day of _____, _____.  It is anticipated that the trial will take approximately _____ days to complete.  The parties request that the trial be held in _____, N.Y.  **(The proposed date for the commencement of trial must be within 18 months of the filing date).**

**6) HAVE THE PARTIES FILED A JURY DEMAND:** _____(YES) / _____(NO).

**7) DOES THE COURT HAVE SUBJECT MATTER JURISDICTION? ARE THE PARTIES SUBJECT TO THE COURT'S JURISDICTION? HAVE ALL PARTIES BEEN SERVED?**

_____
_____
_____
_____

**8) WHAT ARE THE FACTUAL AND LEGAL BASES FOR PLAINTIFF'S CLAIMS AND DEFENDANT'S DEFENSES (INCLUDE COUNTERCLAIMS & CROSSCLAIMS, IF APPLICABLE)?**

_____
_____
_____

**9) WHAT FACTUAL AND LEGAL ISSUES ARE GENUINELY IN DISPUTE?**

_____
_____
_____

**10) CAN THE ISSUES IN LITIGATION BE NARROWED BY AGREEMENT OR BY MOTIONS? ARE THERE DISPOSITIVE OR PARTIALLY DISPOSITIVE ISSUES APPROPRIATE FOR DECISION ON MOTION?**

_____
_____
_____

**11) WHAT SPECIFIC RELIEF DO THE PARTIES SEEK? WHAT ARE THE DAMAGES SOUGHT?**

_____
_____
_____

**12) DISCOVERY PLAN:**

**A. What changes (if any) should be made to the disclosure requirements under Rule 26(a), as well as to the limitations on discovery set forth in the Federal Rules of Civil Procedure, as amended.**

_____
_____
_____

**B. When will the mandatory disclosures required under Rule 26(a)(1) be made, or when were they made?**

_____
_____
_____

**C. Describe the timetable for discovery, identify the subjects to be addressed, state whether discovery should be conducted in phases, and discuss why there are no less costly and time consuming alternative methods available to obtain the same information:**

_____
_____
_____

**D. What forms of discovery does each party intend to pursue?**

_____
_____
_____

**E. Are any protective orders required or requested under Fed. R. Civ. P. 26©?**

_____
_____
_____

**13) IS IT POSSIBLE TO REDUCE THE LENGTH OF TRIAL BY STIPULATIONS, USE OF SUMMARIES OR STATEMENTS, OR OTHER EXPEDITED MEANS OF PRESENTING EVIDENCE? IS IT FEASIBLE AND DESIRABLE TO BIFURCATE ISSUES FOR TRIAL?**

_____
_____
_____

**14) ARE THERE RELATED CASES PENDING BEFORE THE JUDGES OF THIS COURT?**

_____
_____
_____

**15) IN CLASS ACTIONS, WHEN AND HOW WILL THE CLASS BE CERTIFIED?**

_____

_____

_____

**16) WHAT ARE THE PROSPECTS FOR SETTLEMENT? Please circle below the prospect for settlement:**

1-----2-----3-----4-----5-----6-----7-----8-----9-----10
(VERY UNLIKELY)➔ ➔ ➔ ➔ ➔ ➔ ➔ ➔ ➔ ➔ (LIKELY)

CANNOT BE EVALUATED PRIOR TO _____(DATE)

**HOW CAN SETTLEMENT EFFORTS BE ASSISTED?**

_____

*(Do not indicate any monetary amounts at this time, settlement will be explored by the Magistrate Judge at the time of the initial status conference)*

*COMPLETE QUESTION 17 ONLY IF YOUR FILING ORDER COVER SHEET WAS CHECKED AS AN ADR TRACK CASE. THE PROGRAMS LISTED BELOW ARE COURT-ANNEXED AND NON-BINDING.*

**17) IF YOUR CASE WAS SELECTED AS A QUALIFYING CONTRACT, TORT, OR NON-PRISONER CIVIL RIGHTS ACTION, PLEASE SELECT THE PREFERRED ADR METHOD.**

_____        ARBITRATION

_____        MEDIATION

_____        EARLY NEUTRAL EVALUATION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pursuant to Fed. R. Civ. P. 26(f) a meeting was held on _____ at _____and was attended by:                                                     (Date)                          (Place)

_____for plaintiff(s)

_____for defendant(s)_____
                                                                                                          (party name)

_____for defendant(s)_____
                                                                                                          (party name)

At the Rule 16(b) conference, the Court will issue an order directing the future proceedings in this action. The parties are advised that failure to comply with this order may result in the imposition of sanctions pursuant to Federal Rules of Civil Procedure 16(f).

*Please detach this case management plan form and return the completed form to the clerk for filing at least ten (10) days in advance of the conference date.*

Case Management Plan
Form Date - 06/18/2004

## CASE ASSIGNMENT FORM

### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF NEW YORK


**CIVIL ACTION NUMBER   8:07-CV-0861, LEK/DRH**

ALL CORRESPONDENCE AND FILINGS SHOULD BEAR THE INITIALS OF THE ASSIGNED JUDGE AND MAGISTRATE JUDGE IMMEDIATELY FOLLOWING THE CIVIL ACTION NUMBER.
(*IE: CIVIL ACTION NO 5:02-CV-0123, FJS-GJD*)

DOCUMENTS SHOULD BE FILED IN ACCORDANCE WITH GENERAL ORDER #22.

ACTION ASSIGNED TO THE JUDGE AND MAGISTRATE JUDGE CHECKED BELOW:

|  |  | **INITIALS** |
|---|---|---|
| __X__ | JUDGE LAWRENCE E. KAHN | (LEK) |
| __X__ | MAGISTRATE JUDGE DAVID R. HOMER | (DRH) |

### PRO SE LITIGANTS:
### SEND ALL ORIGINAL PAPERS TO THE CLERK'S OFFICE LISTED BELOW:

Clerk, U.S. District Court
James T. Foley U.S. Courthouse
445 Broadway
Albany NY 12207-2936

**All papers filed with the Court must conform to Local Rule 10.1**

### ~ COUNSEL ~

## ALL DOCUMENTS SHALL BE FILED ELECTRONICALLY
## ON THE COURT'S CM/ECF SYSTEM

## PLEASE REFER TO GENERAL ORDER #22
## FOR PROCEDURES FOR FILING DOCUMENTS ELECTRONICALLY

ALL **NON-DISPOSITIVE** MOTIONS ARE TO BE MADE RETURNABLE ON A SUBMIT BASIS BEFORE THE ASSIGNED **MAGISTRATE JUDGE**. *PLEASE REFER TO LOCAL RULE 7.1(B)1.* **ALL MOTIONS FILED AND MADE RETURNABLE BEFORE MAGISTRATE JUDGES WILL BE TAKEN ON A SUBMIT BASIS UNLESS:** THE PARTIES REQUEST ORAL ARGUMENT AND/OR THE COURT DIRECTS THE PARTIES TO APPEAR FOR ORAL ARGUMENTS, PROVIDED, HOWEVER, THAT MAGISTRATE JUDGE DAVID E. PEEBLES REQUIRES ORAL ARGUMENT ON ALL MOTIONS UNLESS THE COURT DIRECTS OTHERWISE.

SENIOR JUDGE McCURN AND SENIOR JUDGE MUNSON WILL NOT HAVE REGULAR MOTION DAYS DURING THE MONTH OF AUGUST.  MOTIONS MAY NOT BE FILED WITHOUT PRIOR APPROVAL OF THE COURT DURING THESE PERIODS.

For more specific schedules please visit our website at:
**www.nynd.uscourts.gov**

## MONTHLY MOTION SCHEDULES

| **JUDGE LAWRENCE E. KAHN** | **MAGISTRATE JUDGE DAVID R. HOMER** |
|---|---|
| 9:30 A.M.- 1ST AND 3RD FRIDAY OF EACH MONTH AT ALBANY. - All Motions ON SUBMIT unless otherwise notified by the Court.  Any request for oral argument must be submitted to the Court, in writing, no later than 10 days prior to the motion return date. | 9:30 A.M.- 3RD THURSDAY OF EACH MONTH AT ALBANY. |

## CONSENT TO THE EXERCISE
## OF CIVIL JURISDICTION BY A MAGISTRATE JUDGE

In accordance with the provisions of 28 U.S.C. Section 636©, you are hereby notified that the United States Magistrate Judges of this district court, in addition to their other duties, may, upon consent of all the parties in a civil case, conduct any or all proceedings in the case, including a jury or non jury trial, and order the entry of a final judgment.

You should be aware that your decision to consent to the referral of your case to a United States Magistrate Judge for disposition is entirely voluntary and should be indicated by counsel endorsing the attached consent form for the plaintiff(s)and defendant(s). If the form is executed by all counsel for the parties (or by the parties if appearing pro se), it should be communicated solely to the clerk of the district court. ONLY if all the parties to the case consent to the reference to a magistrate judge will either the judge or magistrate judge to whom the case has been assigned be informed of your decision.

Your opportunity to have your case disposed of by a magistrate judge is subject to the calendar requirements of the court. Accordingly, the district judge to whom your case is assigned must approve the reference of the case to a magistrate judge for disposition.

In accordance with 28 U.S.C. Section 636© (3), an appeal from a judgment entered by a magistrate judge will be taken to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of a district court. See Also L.R. 72.2(b)(5).

Copies of the consent form are available in any office of the clerk of the court and on the court webpage at
www.nynd.uscourts.gov

**\*\*ATTACHED FOR YOUR CONSIDERATION IS A BLANK CONSENT FORM\*\***

# UNITED STATES DISTRICT COURT
## Northern District of New York

| | |
|---|---|
| **Cindylyn LaMarche** | NOTICE, CONSENT, AND ORDER OF REFERENCE<br>EXERCISE OF JURISDICTION BY A UNITED<br>STATES MAGISTRATE JUDGE |
| VS | Case Number: **8:07-CV-0861, LEK/DRH** |
| **Greyhound Lines, Inc., et al.** | |

### NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE
### TO EXERCISE JURISDICTION

In accordance with the provisions of 28 U.S.C. §636©, and Fed.R.Civ.P. 73, you are notified that a United States magistrate judge of this district court is available to conduct any or all proceedings in this case including a jury or nonjury trial, and to order the entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge. If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.

### CONSENT TO THE EXERCISE OF JURISDICTION
### BY A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of 28 U.S.C.§636© and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.

| Party Represented | Signatures | Date |
|---|---|---|
| | | |
| | | |
| | | |

### ORDER OF REFERENCE

IT IS ORDERED that this case be referred to **DAVID R. HOMER** United States Magistrate Judge, to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. §636© and Fed. R. Civ. P. 73.

| Date | United States District Judge |
|---|---|

NOTE:  RETURN THIS FOR TO THE CLERK OF THE COURT <u>ONLY IF</u> ALL PARTIES HAVE CONSENTED ON THIS FORM TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.

ADR NOTICE TO LITIGANTS

THIS NOTICE SHOULD BE SERVERD WITH THE GENERAL ORDER 25 FILING PACKET, ALONG WITH THE SUMMONS AND COMPLAINT ON THE DEFENDANTS.

This action has been identified for tracking in the court-annexed Alternative Dispute Resolution Program (ADR).

Designated Nature of Suite Codes in Contract, Tort and Non-Prisoner Civil Rights Cases as follows:

Contract
110-140, 160-195

Torts
310-385

Non-Prisoner Civil Rights
440-444

Parties must confer prior to the status conference in order to:

1. Complete the proposed case management plan:
2. Select an ADR program;
3. File the proposed plan at least 10 days before the conference.

During the conference, the Magistrate Judge will discuss the case management plan, ADR programs and assist the parties in their selection.

LAWRENCE K. BAERMAN, CLERK

By: April Hudson, ADR Administrator
(315)234-8558

AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

NORTHERN                    District of                    NEW YORK

CINDYLYN LaMARCHE

**SUMMONS IN A CIVIL ACTION**

V.

GREYHOUND LINES, INC., and
LAIDLAW INTERNATIONAL, INC.

CASE NUMBER:   8:07-CV-0861  LEK/DRH

TO: (Name and address of Defendant)

Greyhound Lines, Inc.
15110 North Dallas Parkway
Dallas, TX  75248

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

E. Stewart Jones, PLLC
28 Second Street
Troy, NY  12180

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

Clerk of Court

8/23/2007
DATE

Wendy Lindskoog

(By) DEPUTY CLERK

AO 440  (Rev.  8/01)  Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant.  Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____          _____
                        Date                                    *Signature of Server*


                                                _____
                                                *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

| Print | Save As... | Export as FDF | Retrieve FDF File | Reset |

✎AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____NORTHERN_____ District of _____NEW YORK_____

CINDYLYN LaMARCHE

## SUMMONS IN A CIVIL ACTION

V.

GREYHOUND LINES, INC., and
LAIDLAW INTERNATIONAL, INC.

CASE NUMBER:   8:07-CV-0861  LEK/DRH

TO:  (Name and address of Defendant)

Laidlaw International, Inc.
55 Shuman Blvd., Suite 4
Naperville, IL  60563

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

E. Stewart Jones, PLLC
28 Second Street
Troy, NY  12180

an answer to the complaint which is served on you with this summons, within _____20_____ days after service
of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

Clerk of Court

8/23/2007

DATE

Wendy Lindskoog

(By) DEPUTY CLERK

AO 440  (Rev.  8/01)  Summons in a Civil Action

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant.  Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____        _____
                        Date                    *Signature of Server*

                                              _____
                                              *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

| Print | Save As... | Export as FDF | Retrieve FDF File | Reset |

#807 CV 0861

LEK/DRH

CINDYLYN LaMARCHE,

**Plaintiff**

against

GREYHOUND LINES,INC. et al,

**Defendant**

---

**STATE OF NEW YORK**                                                                                                    S S:

John W. Swertinski, being duly sworn, deposes and says that he resides in the State of New York; is over the age of twenty-one years; is not a party to the above-entitled action.

---

### AFFIDAVIT OF PERSONAL SERVICE CPLR-308-1

Deponent further says that  he served the foregoing summons
upon the following named defendant  at the following place   and time   , viz.;

| NAME | STREET, CITY & STATE | DATE | TIME (AM, PM) |
|------|--------------------|------|---------------|

by delivering to and leaving with defendant  , personally, a true copy thereof, and deponent further says that  he knew the person so served to be the same person mentioned and described in the said summons as defendant  therein. That  he asked defendant  whether defendant  was   in the military service of the United States Government, in any capacity whatever, and defendant   replied  he was  not. Defendant  was   clad in ordinary civilian clothes and wore no military uniform of any kind.

---

### SERVICE ON A NATURAL PERSON CPLR-308-2*

Deponent served defendant
in the above entitled action by delivering to and leaving with (identify)                                                  , a person of suitable age and discretion,
a true copy of the summons                                                            in the above entitled action at the following time and place.

A.M., P.M.
(Time of Day      Date      Street      City      State)
which address being defendant's *place of employment, place of business, usual place of abode, dwelling place.
Deponent further says that another true copy of the same, enclosed in a postpaid sealed wrapper was mailed to said defendant by depositing it in an official depository under the exclusive care and custody of the United States Post Office Department within New York State to the following address (being his last known address) and at following time, namely

(Date of mailing and last known address)

At the time of said service, deponent conversed with person so served, who acknowledged to the deponent that he was well acquainted with the defendant herein and continues to see defendant at the place of service mentioned above. That to his knowledge the defendant is not in military service and does not wear any type of military uniform. From conversations had with person so served deponent believes said person to be of suitable age and discretion pursuant to CPLR 308 (2).

---

### SUBSTITUTED SERVICE CPLR-308-4*

That your deponent was given a copy of the summons and                                          in this action with instructions to serve same upon
defendant,                                                       at

On calling there,          AM—PM                    ;                    AM—PM
                          AM—PM                    ;                    AM—PM
in an effort to personally serve said defendant, your deponent spoke with
who stated that said defendant lived - worked there.
Substituted Service (CPLR 308-4) was made for the following reasons:

Deponent was unable to serve said legal papers pursuant to CPLR 308-1 or 308-2 at the above address. On the                        day of
, your deponent made substituted service of the aforesaid legal papers upon said defendant by - affixing same to the door. Deponent further says that another true copy of the same, enclosed in a postpaid sealed wrapper was mailed to said defendant by depositing it in an official depository under the exclusive care and custody of the United States Post Office Department within New York State to the following address (being his last known address) and at following time, namely,

(Date of mailing and last known address)

---

### GENERAL AFFIDAVIT

That deponent served the annexed                                                                                                    upon

| NAME | STREET, CITY & STATE | DATE | TIME (AM. PM) |
|------|--------------------|------|---------------|

the                                              in this action be delivering a true copy therof to said individual personally. Deponent knew the person so served to be the person mentioned and described in said papers as the                                   therein. That  he asked whether  he was  in the military service of the United States Government, in any capacity whatever, and  he replied  he was  not.  he was  clad in ordinary civilian clothes and wore no military uniform of any kind.

**MATRIMONIAL SERVICE**

Deponent further says that  he served the summons with notice in the above entitled action upon
the defendant above-named, at
on the            day of                        , by delivering to and leaving with him (her) personally a true copy of same; that  he knew the
person so served to be the defendant herein, said defendant having admitted that he (she) is the defendant herein and that the plaintiff was then his (her) lawfully
wedded wife (husband); that the summons with notice so served ipon the defendant was endorsed on the face thereof with the words, ACTION FOR A
DIVORCE.
Deponent further says that  he asked the defendant if he (she) was in the United States military service, in any capacity thereof, and the defendant replied he (she)
was not; that, at the time said service the defendant was clad in ordinary civilian clothes and wore no uniform of any kind.

**AFFIDAVIT OF SERVICE ON CORPORATION**

Deponent further says that on the            day of                at
he served the annexed summons                in this action, on
the defendant therein named, by delivering to and leaving personally with
of said corporation, a true copy therof.
Deponent further says, that at the time of such service he knew the said corporation so served to be
the corporation mentioned and described therein.

**SERVICE ON SECRETARY OF STATE (CORPORATION)**

Deponent further says that on the 28th.       day of  Aug.  '07            at the office of the Secretary of State, of the State of New York in the
city of Albany, New York, he served the annexed Summons and Com.with Gen.Order # 25
on Greyhound Lines,Inc.
Defendant in this action, be delivering to and leaving with  T.Alexander
in the Office of the Secretary of State, of the State of New York, personally at the Office of the Secretary of State of the State of New York, two (2) true copies,
thereof and that at the time of making such service, deponent paid said Secretary of State a fee of       forty         Dollars. That said service was made
pursuant to Section       306         , B.C.L. Deponent further says that  he knew the person so served as aforesaid to be the person in the Office of the
Secretary of State of the State of New York, duly authorized to accept such service on behalf of said defendant.

**SERVICE OF CITATION (SURROGATE'S COURT)**

That your deponent made personal service of the citation and copy of the will, of which the annexed is a true copy thereof, on the person named below, whom
deponent knew to be the person mentioned and described therein, by delivering to and leaving with personally a true copy thereof. Further, that to your deponent's
knowledge, the named person is not in the United States military service, and at the time of service was clad in ordinary civilian clothes and wore no military uniform
of any kind.

| NAME | STREET, CITY & STATE | DATE | TIME (AM, PM) |
|---|---|---|---|

**DESCRIPTION**

Deponent further states that he describes the person actually served as follows:

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx.) | Other identifying features: |
|---|---|---|---|---|---|---|
| ☐ Male ☑ Female | ☑ Black ☐ White ☐ | ☐ Light ☐ Med. ☑ Dark | 40'n | 5'5" | 175 | |

Sworn to before me, this 31rd  day of  Aug. '07

John W. Swertinski

Notary Public - Commissioner of Deeds

Marisa A. Leonard
Notary Public, State of New York
Qualified in Rensselaer County
Registration No. 01LE5003429
Commission Expires 10/19/20

JOHN SWERTINSKI, P.O. Box 806, Troy, New York 12181

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CINDYLYN LAMARCHE,

|  |  |
|---|---|
| Plaintiff, | 8: 07-CV-0861 (LEK/DRH) |
| - against - | ANSWER |
| GREYHOUND LINES, INC. and LAIDLAW<br>INTERNATIONAL, INC., | JURY TRIAL<br>DEMANDED |
| Defendants. | |

------------------------------------------------------------------------X

    Defendants, GREYHOUND LINES, INC. and LAIDLAW INTERNATIONAL, INC., as and for an answer to plaintiff's Complaint, set forth, upon information and belief, the following:

## JURISDICTION

    FIRST:    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "1" of the plaintiff's Complaint.

    SECOND:    Admit the allegations contained in Paragraph No. "2" of the plaintiff's Complaint.

    THIRD:    Deny each and every allegation contained in Paragraph No. "3" of the plaintiff's Complaint.

    FOURTH:    Deny the allegations contained in Paragraph No. "4" of the plaintiff's Complaint, except admit that LAIDLAW INTERNATIONAL INC., is a Delaware corporation.

    FIFTH:    Deny the allegations contained in Paragraph No. "5" of the plaintiff's Complaint, except admit that defendant GREYHOUND LINES, INC. was and is in the business of utilizing buses, some of which are owned by defendant GREYHOUND LINES, INC., to transport passengers.

366846.1

SIXTH:    Deny the allegations contained in Paragraph No. "6" of the plaintiff's Complaint, except admit that as of August 28, 2006 the defendant, GREYHOUND LINES, INC., had regularly scheduled stops at various locations throughout the State of New York including New York City, Albany and Saratoga Springs.

SEVENTH:    Deny each and every allegation contained in Paragraph No. "7" of the plaintiff's Complaint and respectfully refer all questions of law to the determination of the Trial Court.

EIGHTH:    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "8" of the plaintiff's Complaint and respectfully refer all questions of law to the determination of the Trial Court.

NINTH:    Deny each and every allegation contained in the first Paragraph No. "9" of the plaintiff's Complaint and respectfully refer all questions of law to the determination of the Trial Court.

## FACTS

TENTH:    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second Paragraph No. "9" of the plaintiff's Complaint, except admit that on August 28, 2006, a bus being operated by Ronald Burgess, an employee of defendant GREYHOUND LINES, INC., departed New York City bound for Montreal, Canada, with scheduled stops in Albany and Saratoga Springs, New York.

ELEVENTH:    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "10" of the plaintiff's Complaint, except admit that on August 28, 2006, the said bus which was being operated by Ronald Burgess and which was traveling north on Interstate 87, New York, left the roadway.

366846-1

TWELFTH:   Deny each and every allegation contained in Paragraph No. "11" of the plaintiff's Complaint.

### ANSWERING THE CAUSE OF ACTION FOR PERSONAL INJURIES

THIRTEENTH:      In response to Paragraph No. "12" the plaintiff's Complaint, the answering defendants repeat, reiterate and reallege each and every admission, assertion and denial contained in Paragraph Nos. "FIRST" through "TWELFTH" hereinabove as though more fully set forth at length herein.

FOURTEENTH:     Deny the allegations contained in Paragraph No. "13" of the plaintiff's Complaint, except admit that on August 28, 2006, and at the time of the accident at issue in this litigation, Ronald Burgess was operating an MCI bus, model 102DL3, bearing Texas registration number R7HW58 with the permission and consent of defendant GREYHOUND LINES, INC. and within the scope of his employment by defendant GREYHOUND LINES, INC. and respectfully refer all questions of law to the determination of the Trial Court.

FIFTEENTH: Deny each and every allegation contained in a subsequent Paragraph designated as No. "13" of the plaintiff's Complaint.

SIXTEENTH: Deny each and every allegation contained in Paragraph No. 14" of the plaintiff's Complaint.

SEVENTEENTH:    Deny each and every allegation contained in Paragraph No. "15" of the plaintiff's Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

EIGHTEENTH:      Upon information and belief, any damages sustained by the plaintiff herein were not caused by any negligence or carelessness on the part of the answering defendants, their servants, agents or employees, but were caused solely by the negligence and

carelessness of the plaintiff and that such conduct requires diminution of any award, verdict or judgment that plaintiff may recover against the answering defendant.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

NINETEENTH:        Notwithstanding that the answering defendants have denied liability herein, in the event that liability is found, the liability of the answering defendants shall be fifty percent or less of the total liability assigned to all persons liable and pursuant to CPLR §1601 et seq., the liability of the answering defendants for non-economic loss shall not exceed their equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability of non-economic loss.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

TWENTIETH:        That to the extent plaintiff recovers any damages for the cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings and/or other economic loss, the amount of the award shall be reduced by the sum total of all collateral reimbursements, from whatever source, whether it be insurance, social security payments, Workers' Compensation, employee benefits or other such programs, in accordance with the provisions of the CPLR §4545.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

TWENTY-FIRST:    Upon information and belief, the injuries sustained by plaintiff are such that they do not fall within the requirements of Insurance Law §5102, et seq.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

TWENTY-SECOND:        The plaintiff's Complaint fails to state a claim upon which relief can be granted.

366846-1

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

TWENTY-THIRD:    There are prior actions pending in the Southern District of New York which arise out of the same alleged accident which forms the basis of the instant litigation.

**WHEREFORE,** defendants, GREYHOUND LINES, INC., and LAIDLAW INTERNATIONAL, INC., demand:

1.    Judgment dismissing the Complaint;

2.    Together with the costs and disbursements of this action.

**Dated:**    **New York, New York**
**September 17, 2007**

Yours, etc.,

**FABIANI COHEN & HALL, LLP**

**Kevin B. Pollak**
**Northern  District Bar Number: 514693**
**Attorneys for Defendants**
**GREYHOUND LINES, INC., and**
**LAIDLAW INTERNATIONAL, INC.**
**570 Lexington Avenue, 4th Floor**
**New York, New York  10022**
**(212) 644-4420**

**TO:**    **E. STEWART JONES, PLLC**
**E. Stewart Jones, Jr.**
**Bar Roll Number 103064**
**Attorney for Plaintiff**
**28 Second Street**
**Troy, New York 12181**
**(518) 274-5820**

5

Cindylyn LAMarche v. Greyhound Lines, Inc., and Laidlaw International, Inc.
8:07-CV –0861-LEK-DRH  - Our File No. 818.34464

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing **ANSWER TO COMPLAINT** was filed electronically via ECF and was also served via ECF and first class mail, postage prepaid, this 17th day of September, 2007, to:

**E. STEWART JONES, PLLC**
**E. Stewart Jones, Jr.**
**Bar Roll Number 103064**
**Attorney for Plaintiff**
**28 Second Street**
**Troy, New York 12181**
**(518) 274-5820**

Kevin B. Pollak
Northern District Bar Number: 514693

Sworn to before me this
17th day of September, 2007.

NOTARY PUBLIC INGRID A. SANTOS - CASTILLO
Notary Public, State Of New York
No. 01SA5075460
Qualified in New York County
Commission Expires 03/31/20.11

366789.1

------------------------------------------------------------------------X

CINDYLYN LAMARCHE,

**Plaintiffs,**

- against -

8: 07-CV-0861 (LEK/DRH)

GREYHOUND LINES, INC. and LAIDLAW
INTERNATIONAL, INC.,

**Defendants.**

------------------------------------------------------------------------X

---

## ANSWER TO COMPLAINT

---

### FABIANI COHEN & HALL, LLP
**Attorneys for Defendants**
**GREYHOUND LINES, INC.**
**and LAIDLAW INTERNATIONAL, INC.,**
**570 Lexington Avenue-4th Floor**
**New York, New York 10022**
**(212) 644-4420**

To:  Attorney(s) for:
Sir(s):

PLEASE TAKE NOTICE that a                                              of which the within is a
(true) (certified) copy

[ ]NOTICE OF ENTRY *was duly entered in the within named court on*
2007

[ ]NOTICE OF SETTLEMENT *will be presented for settlement to the Hon.*
*one of the judges of the within named court at the Courthouse at* on   ,     2007 at
o'clock

Dated:

Yours, etc.,
FABIANI COHEN & HALL, LLP
570 Lexington Avenue, 4th Floor
New York, New York 10022
(212) 644-4420

To:

Attorney(s) for:

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CINDYLYN LAMARCHE,

                              Plaintiffs,                    8: 07-CV-0861 (LEK/DRH)

            - against -
                                                            DISCLOSURE
GREYHOUND LINES, INC. and LAIDLAW                           STATEMENT
INTERNATIONAL, INC.,                                      PURSUANT TO F.R.C.P.
                                                             RULE 7.1
                              Defendants.
-------------------------------------------------------------------X

       **PLEASE TAKE NOTICE,** that the defendants, GREYHOUND LINES, INC. ("GLI")

and LAIDLAW INTERNATIONAL, INC. ("LII"), by their attorneys, Fabiani Cohen & Hall,

LLP, as and for their Disclosure Statement Pursuant to F.R.C.P. Rule 7.1 sets forth as follows:

       GLI is a Delaware corporation.  Laidlaw Transportation Holdings, Inc. ("LTHI") owns

100% of the stock of GLI.  Laidlaw Transportation, Inc. ("LTI") owns 100% of the stock of

LTHI.  LII owns 100% of the stock of LTI.

       LII is a Delaware corporation.  LII does not have any parent corporation.  There is no

publicly held corporation that owns 10% or more of LII's stock.

**Dated:**        **New York, New York**
               **September 17, 2007**

                                        Yours, etc.,

                                        FABIANI COHEN & HALL, LLP

                                        Kevin B. Pollak
                                        **Northern  District Bar Number: 514693**
                                        **Attorneys for Defendants**
                                        **GREYHOUND LINES, INC., and**
                                        **LAIDLAW INTERNATIONAL, INC.**
                                        **570 Lexington Avenue, 4th Floor**
                                        **New York, New York  10022**
                                        **(212) 644-4420**

366798.1

**TO:**   **E. STEWART JONES, PLLC**
**E. Stewart Jones, Jr.**
**Bar Roll Number 103064**
**Attorney for Plaintiff**
**28 Second Street**
**Troy, New York 12181**
**(518) 274-5820**

Cindylyn LAMarche v. Greyhound Lines, Inc., and Laidlaw International, Inc.
8:07-CV –0861-LEK-DRH   - Our File No. 818.34464

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing **DISCLOSURE STATEMENT PURSUANT TO F.R.C.P. RULE 7.1.** was filed electronically via ECF and was also served via ECF and first class mail, postage prepaid, this 17th day of September, 2007, to:

**E. STEWART JONES, PLLC**
**E. Stewart Jones, Jr.**
**Bar Roll Number 103064**
**Attorney for Plaintiff**
**28 Second Street**
**Troy, New York 12181**
**(518) 274-5820**

Kevin B. Pollak
Northern District Bar Number: 514693

Sworn to before me this
17th day of September, 2007.

NOTARY PUBLIC

INGRID A. SANTOS - CASTILLO
Notary Public, State Of New York
No. 01SA5075460
Qualified in New York County
Commission Expires 03/31/20 11

366789.1

-------------------------------------------------------------------X

CINDYLYN LAMARCHE,

Plaintiffs,

- against -

8: 07-CV-0861 (LEK/DRH)

GREYHOUND LINES, INC. and LAIDLAW
INTERNATIONAL, INC.,

Defendants.

-------------------------------------------------------------------X

## DISCLOSURE STATEMENT PURSUANT TO F.R.C.P. RULE 7.1

**FABIANI COHEN & HALL, LLP**
**Attorneys for Defendants**
**GREYHOUND LINES, INC.**
**and LAIDLAW INTERNATIONAL, INC.,**
**570 Lexington Avenue-4th Floor**
**New York, New York 10022**
**(212) 644-4420**

To:  Attorney(s) for:
Sir(s):

　　PLEASE TAKE NOTICE that a　　　　　　　　　　　of which the within is a
(true) (certified) copy

　　[ ]NOTICE OF ENTRY *was duly entered in the within named court on*
2007

　　[ ]NOTICE OF SETTLEMENT *will be presented for settlement to the Hon.*
　　*one of the judges of the within named court at the Courthouse at* on　　, 　2007 at
o'clock

Dated:

Yours, etc.,
FABIANI COHEN & HALL, LLP
570 Lexington Avenue, 4th Floor
New York, New York 10022
(212) 644-4420

To:

Attorney(s) for:

TYPE SUM

DOCKET #: 32007-250-090026        CASE #: 807-CV-0861-001        ORIGIN NUMBER: 999
DATE FILED 08/21/07  DATE RECEIVED 09/07/07  SUSPENDS 10/19/07  # OF WORKSHEETS: 001

DEFENDANT LAIDLAW INTERNATIONAL, INC. (SERVE ANY OFFICER OR AGENT OF CORP OF LAIDLAW)

HOME ADDRESS                    WORK ADDRESS
                                55 SHUMAN BLVD
                                SUITE 4                    OPERATOR ID
                                NAPERVILLE, IL                  852

PLAINTIFF LAMARCHE, CINDYLYN
SERVICE    STATE OF NEW YORK/UNKNOWN COUNTY
INFO       PAPERS FROM NEW YORK/DO NOT SERVE ON SUNDAY
           SEE ATTACHED LETTER FOR COMPLETE SERVICE
           SERVING SUMMONS/COMPLAINT/GENERAL ORDER #25

**********************************************************************************
(A) I CERTIFY THAT I SERVED THIS SUMMONS ON THE DEFENDANT AS FOLLOWS:

____ 1 PERSONAL SERVICE: BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT WITH THE
         NAMED DEFENDANT PERSONALLY.

____ 2 SUBSTITUTE SERVICE: BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT AT THE
         DEFENDANT'S USUAL PLACE OF ABODE WITH SOME PERSON OF THE FAMILY OR PERSON
         RESIDING THERE, OF THE AGE OF 13 YEARS OR UPWARDS, AND INFORMING THAT
         PERSON OF THE CONTENTS THEREOF. ALSO, A COPY OF THE SUMMONS WAS MAILED TO
         THE DEFENDANT AT THE ABOVE ADDRESS. DATE_____ INITIALS_____

_X_  3 SERVICE ON: CORPORATION_X_ COMPANY_____ BUSINESS_____ PARTNERSHIP_____
         BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT WITH THE REGISTERED AGENT,
         AUTHORIZED PERSON, OR PARTNER OF THE DEFENDANT.

(B) JOHN E. ZARUBA, SHERIFF, BY: _Atty Pll 660_____, DEPUTY

     1 SEX _M_ M/F    RACE _Wh_ AGE _40_ HT _5'8_ WT _175_
     2 WRIT SERVED ON _RICHARD PARKER_____ RELATION _AGT_

     THIS _13_ DAY OF _SEPT._, _07_ TIME _12:56_ AM/(PM)

ADDITIONAL  _No Military Service._
COMMENTS    _____

**********************************************************************************
                    ATTEMPTED SERVICES:    DATE        TIME  AM/PM  DEPUTY#

THE NAMED DEFENDANT WAS NOT SERVED.
         REASON NOT SERVED:
                                                    "OFFICIAL SEAL"
                                                 CATHERINE M. SOCHA
___01 MOVED           ___06 NO SUCH ADDRESS      Notary Public, State of Illinois
___02 NO CONTACT      ___07 EMPLOYER REFUSAL     My Commission Expires 07/07/09
___03 AVOIDING:       ___08 RETURNED BY ATTY
      SEE COMMENTS    ___09 DECEASED             _Catherine M Socha_
___04 NOT LISTED      ___10 NO LONGER EMPLOYED
___05 WRONG ADDRESS   ___11 OTHER: SEE
                            COMMENTS ABOVE

AMOUNT RECEIVED     44.00   CK

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

CINDYLYN LAMARCHE,

                          Plaintiff,

        - against -

GREYHOUND LINES, INC. and LAIDLAW
INTERNATIONAL, INC.,

                          Defendants.
-----------------------------------------------------------------X

Civil Action No.
8:07-CV-0861
(LEK/DRH)

STIPULATION

        IT IS HEREBY STIPULATED AND AGREED, by and between the attorneys for the

parties that the parties consent to the transfer of the above-entitled action from the United States

District Court, Northern District of New York to the United States District Court, Southern

District of New York.

FABIANI COHEN & HALL, LLP

_____
Kevin B. Pollak
Northern District Bar No.: 514693
Attorneys for Defendants
GREYHOUND LINES, INC. and
LAIDLAW INTERNATIONAL, INC.
570 Lexington Avenue, 4th Floor
New York, New York  10022
(212) 644-4420

Dated:        New York, New York
              March 3, 2008

E. STEWART JONES, PLLC

_____
E. Stewart Jones, Jr.
Northern District Bar No. 103064
Attorney for Plaintiff
28 Second Street
Troy, New York  12181
(518) 274-5820

                SO ORDERED


              _____
                     USDJ


379898.1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
————————————————————————X

CINDYLYN LAMARCHE,

                                    Plaintiff,

        - against -

GREYHOUND LINES, INC. and LAIDLAW
INTERNATIONAL, INC.,

                                    Defendants.
————————————————————————X

Civil Action No.
8:07-CV-0861
(LEK/DRH)

STIPULATION

        IT IS HEREBY STIPULATED AND AGREED, by and between the attorneys for the

parties that the parties consent to the transfer of the above-entitled action from the United States

District Court, Northern District of New York to the United States District Court, Southern

District of New York.

FABIANI COHEN & HALL, LLP

_____
Kevin B. Pollak
Northern District Bar No.: 514693
Attorneys for Defendants
GREYHOUND LINES, INC. and
LAIDLAW INTERNATIONAL, INC.
570 Lexington Avenue, 4th Floor
New York, New York 10022
(212) 644-4420

E. STEWART JONES, PLLC

_____
E. Stewart Jones, Jr.
Northern District Bar No. 103064
Attorney for Plaintiff
28 Second Street
Troy, New York 12181
(518) 274-5820

Dated:        New York, New York
              March 3, 2008

        SO ORDERED

_____
USDJ

3/16/08

379898.1