UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

CINDYLYN LAMARCHE,

                           Plaintiff,

              v.

GREYHOUND LINES, INC.,

                           Defendant.

-------------------------------------------------------------------X

GREYHOUND LINES, INC.,

               Third-Party Plaintiff,

              v.

MOTOR COACH INDUSTRIES, INC., UGL
UNICCO, Formerly Known As UNICCO Service
Company and THE GOODYEAR TIRE &
RUBBER COMPANY,

            Third-Party Defendants.

-------------------------------------------------------------------X

**THIRD-PARTY
COMPLAINT**

**08 CIV 2438 (PKL)**

**[Related to
06 CIV 13371 (PKL)]**

**JURY TRIAL
DEMANDED**

**RECEIVED**
**APR 23 2008**
**U.S.D.C. S.D.N.Y.**
**CASHIERS**

SIRS:

      Defendant/Third-Party Plaintiff, **GREYHOUND LINES, INC.,** by its attorneys **FABIANI COHEN & HALL, LLP** as and for its Third-Party Complaint, respectfully alleges upon information and belief as follows:

      1.      At all times hereinafter mentioned the defendant/third-party plaintiff, Greyhound Lines, Inc. ("GLI"), was and is a foreign corporation, existing under and by virtue of the laws of the State of Delaware, with its principle place of business in Dallas, Texas and is authorized to do business in the State of New York.

      2.      At all times hereinafter mentioned the third-party defendant, Motor Coach Industries, Inc. ("MCI"), was and is a foreign corporation, existing under and by virtue of the

laws of the State of Delaware, with its principle place of business in Schaumburg, Illinois.

3.     At all times hereinafter mentioned the third-party defendant, MCI, was and is a foreign corporation authorized to do business in the State of New York.

4.     At all times hereinafter mentioned the third-party defendant, MCI, was and is a foreign corporation which by reason of its doing business in the State of New York is subject to personal jurisdiction in the State of New York.

5.     At all times hereinafter mentioned the third-party defendant, MCI, was and is a foreign corporation which is subject to personal jurisdiction in the State of New York by reason of its: transacting business within the State of New York; and/or supplying goods or services in the State of New York; and/or committing a tortuous act within the State of New York; and/or committing a tortuous act outside the State of New York causing injury within the State of New York and regularly doing or soliciting business, or engaging in other persistent course of conduct, or deriving substantial revenue from goods used or consumed or services rendered within the State of New York; and/or committing a tortuous act outside the State of New York causing the injury within the State of New York and expects or should reasonably expect its conduct to have consequences in the State of New York and derives substantial revenue from interstate or international commerce.

6.     The third-party defendant, UGL UNICCO (hereinafter "UNICCO"), was formerly known as UNICCO Service Company.

7.     UNICCO changed its name from UNICCO Service Company to UGL UNICCO on or about November 19, 2007.

8.     At all times hereinafter mentioned the third-party defendant, UNICCO, was and is a foreign corporation, existing under and by virtue of the laws of the State of Massachusetts, with

its principle place of business at 275 Grove Street, Auburndale, MA 02466.

9.     At all times hereinafter mentioned the third-party defendant, UNICCO, was and is a foreign corporation authorized to do business in the State of New York.

10.     At all times hereinafter mentioned the third-party defendant, UNICCO, was and is a foreign corporation which by reason of its doing business in the State of New York is subject to personal jurisdiction in the State of New York.

11.     At all times hereinafter mentioned the third-party defendant, UNICCO, was and is a foreign corporation which is subject to personal jurisdiction in the State of New York by reason of its:  transacting business within the State of New York; and/or supplying goods or services in the State of New York; and/or committing a tortuous act within the State of New York; and/or committing a tortuous act outside the State of New York causing injury within the State of New York and regularly doing or soliciting business, or engaging in other persistent course of conduct, or deriving substantial revenue from goods used or consumed or services rendered within the State of New York; and/or committing a tortuous act outside the State of New York causing the injury within the State of New York and expects or should reasonably expect its conduct to have consequences in the State of New York and derives substantial revenue from interstate or international commerce.

12.     At all times hereinafter mentioned the third-party defendant, The Goodyear Tire & Rubber Company ("GOODYEAR"), was and is a foreign corporation, existing under and by virtue of the laws of the State of Ohio, with its principle place of business in Akron, Ohio.

13.     At all times hereinafter mentioned the third-party defendant, GOODYEAR, was and is a foreign corporation authorized to do business in the State of New York.

14.     At all times hereinafter mentioned the third-party defendant, GOODYEAR, was

383355.1

3

and is a foreign corporation which by reason of its doing business in the State of New York is subject to personal jurisdiction in the State of New York.

15.    At all times hereinafter mentioned the third-party defendant, GOODYEAR, was and is a foreign corporation which is subject to personal jurisdiction in the State of New York by reason of its:  transacting business within the State of New York; and/or supplying goods or services in the State of New York; and/or committing a tortuous act within the State of New York; and/or committing a tortuous act outside the State of New York causing injury within the State of New York and regularly doing or soliciting business, or engaging in other persistent course of conduct, or deriving substantial revenue from goods used or consumed or services rendered within the State of New York; and/or committing a tortuous act outside the State of New York causing the injury within the State of New York and expects or should reasonably expect its conduct to have consequences in the State of New York and derives substantial revenue from interstate or international commerce.

16.    That heretofore the plaintiff commenced the above entitled action in the United States District Court for the Northern District of New York, which was transferred to the Southern District of New York, asserting the liability of GLI for damages allegedly sustained by the plaintiff. A copy of the Plaintiff's Complaint is annexed hereto as "Exhibit A".

17.    The plaintiff generally alleges that on August 28, 2006 a bus (hereinafter referred to as "the subject bus") driven by Ronald Burgess, an employee of GLI, left the roadway of I-87 near Elizabethtown, New York and was involved in an accident (hereinafter "the subject accident"). The plaintiff further generally alleges that as a result of the subject accident she has been damaged.

18.    The plaintiff generally alleges that the subject accident was due to, among other

things, the negligence of GLI.

19.     The subject bus and all of the parts and components of the subject bus (hereinafter collectively referred to as "the subject bus"), bore VIN #1M8PDMRA6YP052551.

20.     The subject bus was a 2000 MCI Model 102 DL3 bus/coach.

21.     MCI designed the subject bus.

22.     MCI constructed, assembled and manufactured the subject bus.

23.     MCI sold the subject bus.

24.     At the time of the August 28, 2006 accident involving the subject bus on I-87 in Elizabethtown, New York, the subject bus was in the same condition it was in at the time the subject bus left MCI's possession.

25.     The tires on the subject bus at the time of the subject accident (sometimes hereinafter referred to as "the subject tires") were leased tires having been leased by GLI from GOODYEAR.

26.     At the time of the subject accident the subject bus was equipped model G409 Goodyear tires (hereinafter referred to as "G409 tires"), including the left front steer tire on the subject bus (hereinafter "the left front tire").

27.     At the time of the subject accident, and at all times prior thereto, GOODYEAR owned the G409 tires including the left front tire.

28.     GLI leased the G409 tires, including the left front tire, from GOODYEAR.

29.     GOODYEAR designed the G409 tires, including the left front tire.

30.     GOODYEAR constructed, assembled, fabricated and manufactured the G409 tires, including the left front tire.

31.     Before August 28, 2006 GLI and third-party defendant, GOODYEAR, entered into an Agreement dated October 3, 2000 (hereinafter referred to as "the Agreement"). GLI begs leave to refer to the agreement for its complete terms and conditions.

32.     Paragraph 2 of the Agreement, entitled "Lease of Tires," provides in part that "Goodyear will furnish Greyhound tires for use on the entire fleet of buses operated by Greyhound..." and that "Goodyear commits to produce a new tire that will meet Greyhound's fleet requirements..."

33.     Paragraph 6 of the Agreement, entitled "Title to Tires and Liens on Buses", provides in part that "[t]itle to all tires furnished hereunder shall remain at all times in Goodyear..."

34.     Paragraph 11 of the Agreement, entitled "Service", provides in part: "(a) Goodyear warrants and promises that all tires provided to Greyhound will be of sufficient grade, quality, and standard to permit reasonable and safe use and operation on Greyhound's buses."

35.     Paragraph 11 (c) of the Agreement provides in part that "tire service to be performed by Goodyear will be performed in accordance with Exhibit "C" attached" to the Agreement.

36.     The Agreement contains various Exhibits, including Exhibit "C". Exhibit "C" is entitled Procedure Guideline No.: PB K-91 (hereinafter referred to as "the K-91"). (The Agreement, including all Exhibits of the Agreement, are hereinafter collectively referred to as "the Agreement".)

37.     Paragraph 12 of the Agreement, entitled "Training", provides in part that "Goodyear agrees to provide training, to include but not limited to the proper safety, reliability, and maintenance procedures for the tires".

38.     Paragraph 9 of the Agreement, entitled "Contingencies and Indemnity", provides in part that: "Goodyear agrees to defends, save and hold Greyhound harmless from claims and actions resulting from the use or possession of the tires furnished hereunder caused by the sole negligence of Goodyear"; and "Goodyear will indemnify, save harmless, and defend Greyhound...from and against liability, losses, claims, demands, suits, and judgments, and from costs and expenses, including the reasonable fees of counsel therewith, arising or as a result of the negligence of Goodyear or its agents or employees".

39.     Before the subject accident GOODYEAR entered into an agreement with Ogden Cisco, Inc. (hereinafter referred to as "Ogden"), dated August 30, 1995 pursuant to which, among other things, Ogden agreed to service and maintain tires that GOODYEAR leased to bus companies for use on their buses. GLI begs leave to refer to the August 30, 1995 agreement for its complete terms and conditions.

40.     On or about September 11, 1996, pursuant to an Assignment Agreement, Ogden Cisco, Inc. assigned the above-mentioned August 30, 1995 agreement and all obligations of Ogden Cisco, Inc. under the above-mentioned August 30, 1995 agreement to UNICCO Service Company. GLI begs leave to refer to the Assignment Agreement for its complete terms and conditions.

41.     The above-mentioned agreement between GOODYEAR and UNICCO was in full force and effect on August 28, 2006, at the time of the subject accident, and prior thereto.

42.     Pursuant to the August 30, 1995 agreement referred to above and assigned to UNICCO Service Company on September 11, 1996 (hereinafter referred to as "the tire maintenance agreement"), UNICCO agreed to, among other things, service and maintain Goodyear tires that were leased by GLI and used on GLI buses including the subject tires.

43.    GLI is an intended third-party beneficiary of the tire maintenance agreement and is referred to as "Operator" in the tire maintenance agreement.

44.    Pursuant to the tire maintenance agreement UNICCO was, among other things, responsible for performing various services with respect to the subject tires.

45.    Pursuant to paragraph 12 of the tire maintenance agreement UNICCO was required to provide various services with respect to the subject tires, including but not limited to, mounting and maintaining recommended inflation pressure.

46.    Pursuant to paragraph 12 of the tire maintenance agreement UNICCO was required to ensure that the pressure of the subject tires was kept and maintained at the correct, proper and appropriate level.

47.    Prior to the subject accident the subject tires, which were on the subject bus at the time of the subject accident, were at garage locations where UNICCO employees were present and required to and/or did provide or perform various service(s) in connection with the subject tires.

48.    Pursuant to paragraph 13 of the tire maintenance agreement UNICCO was required to provide "responsible" and "capable" personnel to perform the work, labor and services UNICCO was required to perform pursuant to the tire maintenance agreement.

49.    Pursuant to paragraph 5 of the tire maintenance agreement, UNICCO agreed to "fully indemnify and hold harmless...Operator [Greyhound Lines, Inc.]...from any and all claims, demands, causes of action, damages, losses, and expenses of whatsoever nature...arising out of or related to the breach or failure to perform the contract services, the use by the Contractor [UNICCO] employees of service equipment supplied by Goodyear, or resulting from any negligent act, omission, misconduct, or fault of Contractor [UNICCO], their employees

and/or agents."

50.    GLI has previously made demand upon UNICCO that it, among other things, indemnify GLI for all liability, losses, damages, judgments and expenses including attorneys' fees arising out of or relating to the subject accident and the above-captioned action.

51.    UNICCO has refused to indemnify GLI.

52.    GLI has generally denied the plaintiff's allegations against it and its liability to the plaintiff, but notwithstanding such denials is exposed to damage by reason of a possible verdict or judgment. A copy of GLI's Answer to the Plaintiff's Complaint is annexed hereto as Exhibit "B".

53.    By reason of the exposure to damage, this impleader is made against the third-party defendant, MCI, by reason of, among other things, MCI's wrongful conduct, acts, omissions, negligence, carelessness, recklessness, breach of contract, breach of warranties and/or strict products liability in connection with, among other things, the design, construction, assembly, fabrication, manufacturer and/or sale of the subject bus.

54.    By reason of the exposure to damage, this impleader is made against the third-party defendant, UNICCO, by reason of, among other things, UNICCO's wrongful conduct, acts, omissions, negligence, carelessness, recklessness, breach of contract, breach of the tire maintenance agreement, and/or UNICCO's refusal to indemnify GLI.

55.    By reason of exposure to damage this cause of action is made against third-party defendant, GOODYEAR, by reason of, among other things, GOODYEAR's: wrongful conduct; acts; omissions; negligence, carelessness and/or recklessness (including but not limited to negligence, carelessness and/or recklessness in the design, construction, assembly, fabrication, manufacture, service, maintenance and/or repair of the G409 tires including the left front tire);

breach of the Agreement; breach of contract; breach of warranties (including but not limited to those in the Agreement and/or those created by operation of law); and/or strict products liability.

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST THIRD-PARTY DEFENDANT, MCI
### (INDEMNITY)

56.     Defendant/third-party plaintiff, GLI, repeats and re-alleges each and every allegation contained in paragraphs numbered "1" through "55" above.

57.     That although defendant/third-party plaintiff, GLI, has generally denied the allegations of wrongdoing asserted against it, nevertheless, should said defendant/third-party plaintiff be found to be liable to the plaintiff, then such liability shall derive from the active and affirmative wrongdoing of third-party defendant, MCI, while any wrongdoing of defendant/third-party plaintiff will have been passive and secondary only, by reason of which the defendant/third-party plaintiff, GLI, shall be entitled to complete indemnity, common law and/or contractual, from the third-party defendant, MCI.

58.     That, by reason thereof, defendant/third-party plaintiff, GLI, is entitled to full and complete indemnity from the third-party defendant, MCI, in the above-captioned action.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST THIRD-PARTY DEFENDANT, MCI
### (CONTRIBUTION)

59.     Defendant/third-party plaintiff, GLI repeats and re-alleges each and every allegation contained in paragraphs numbered "1" through "55" above.

60.     That although defendant/third-party plaintiff, GLI, has generally denied the allegations of wrongdoing asserted against it, nevertheless, if defendant/third-party plaintiff is found to be liable to the plaintiff, and if complete indemnity is not granted in furtherance of the First Cause of Action hereinabove, then defendant/third-party plaintiff, GLI, is, nevertheless,

entitled to contribution from third-party defendant, MCI, in proportion to the relative degrees of wrongdoing as between defendant/third-party plaintiff on the one part and the third-party defendant, MCI, on the other part.

61.    That, by reason thereof, defendant/third-party plaintiff, GLI, is entitled to an allocation of any damages by reason of verdict or judgment in proportion to the degrees of wrongdoing.

**AS AND FOR A THIRD CAUSE OF ACTION**
**AGAINST THIRD-PARTY DEFENDANT, MCI**
**(PROPERTY DAMAGE/ECONOMIC LOSS)**

62.    Defendant/third-party plaintiff, GLI repeats and re-alleges each and every allegation contained in paragraphs numbered "1" through "55" above.

63.    Before the subject accident, the subject bus was leased by GLI from the Bank of Oklahoma, N.A. pursuant to a Master Lease Agreement dated February 16, 2000 (hereinafter referred to as "the Master Lease"). GLI begs leave to refer to the Master Lease at the time of trial.

64.    The Master Lease was in effect at the time of the subject accident.

65.    After the subject accident, and pursuant to the terms of the Master Lease, GLI replaced the subject bus with another bus of the same type and manufacturer that was owned by GLI (hereinafter referred to as "the replacement bus").

66.    Pursuant to the terms of the Master Lease, GLI transferred title of the replacement bus to the Bank of Oklahoma, N.A.

67.    After and since the subject accident, and due to the subject accident, GLI has paid and will continue to pay no-fault benefits.

68.    As a result of all of the foregoing, GLI has been damaged and continues to be

383355.1

damaged, and has sustained loss including but not limited to property damage, economic loss, business interruption, loss of revenue and loss of income.

69. GLI's damages and losses as described above are due to, among other things, MCI's wrongful conduct, acts, omissions, negligence, carelessness, recklessness, breach of contract, breach of warranties and/or strict products liability in connection with, among other things, the design, construction, assembly, fabrication, manufacturer and/or sale of the subject bus.

70. The amount in controversy pertaining to the damages and loss suffered by GLI exceeds $75,000 exclusive of interest.

71. Defendant/third-party plaintiff GLI has been damaged, and continues to be damaged, by third-party defendant, MCI's conduct and is entitled to damages in an amount in excess of $75,000. GLI is entitled to recover all of the damages and losses described above from MCI. GLI is also entitled to interest since the date of the subject accident.

### AS AND FOR A FOURTH CAUSE OF ACTION
### AGAINST THIRD-PARTY DEFENDANT, UNICCO
### (INDEMNITY)

72. Defendant/third-party plaintiff, GLI, repeats and re-alleges each and every allegation contained in paragraphs numbered "1" through "55" above.

73. That although defendant/third-party plaintiff, GLI, has generally denied the allegations of wrongdoing asserted against it, nevertheless, should said defendant/third-party plaintiff be found to be liable to the plaintiff, then such liability shall derive from the active and affirmative wrongdoing of the third-party defendant, UNICCO, while any wrongdoing of defendant/third-party plaintiff will have been passive and secondary only, by reason of which the defendant/third-party plaintiff, GLI, shall be entitled to partial and/or complete indemnity,

common law and/or contractual, including attorneys' fees and litigation expenses, from the third-party defendant, UNICCO.

74.     That, by reason thereof, third-party plaintiff, GLI, is entitled to partial and/or full and complete indemnity from the third-party defendant, UNICCO, in the above-captioned action, including attorneys' fees and litigation expenses.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**AGAINST THIRD-PARTY DEFENDANT, UNICCO**
**(CONTRIBUTION)**

75.     Defendant/third-party plaintiff, GLI repeats and re-alleges each and every allegation contained in paragraphs numbered "1" through "55" above.

76.     That although defendant/third-party plaintiff, GLI, has generally denied the allegations of wrongdoing asserted against it, nevertheless, if defendant/third-party plaintiff is found to be liable to the plaintiff, and/or if partial and/or complete indemnity is not granted in furtherance of the Fourth Cause of Action hereinabove, then defendant/third-party plaintiff, GLI, is, nevertheless, entitled to contribution from third-party defendant, UNICCO, in proportion to the relative degrees of wrongdoing as between defendant/third-party plaintiff on the one part and the third-party defendant on the other part.

77.     That, by reason thereof, defendant/third-party plaintiff, GLI, is entitled to an allocation of any damages by reason of verdict or judgment in proportion to the degrees of wrongdoing.

**AS AND FOR A SIXTH CAUSE OF ACTION**
**AGAINST THIRD-PARTY DEFENDANT, UNICCO**
**(PROPERTY DAMAGE/ECONOMIC LOSS)**

78.     Defendant/third-party plaintiff, GLI repeats and re-alleges each and every allegation contained in paragraphs numbered "1" through "55" above.

79.    Before the subject accident, the subject bus was leased by GLI from the Bank of Oklahoma, N.A. pursuant to a Master Lease Agreement dated February 16, 2000 (hereinafter referred to as "the Master Lease").  GLI begs leave to refer to the Master Lease at the time of trial.

80.    The Master Lease was in effect at the time of the subject accident.

81.    After the subject accident, and pursuant to the terms of the Master Lease, GLI replaced the subject bus with another bus of the same type and manufacturer that was owned by GLI (hereinafter referred to as "the replacement bus").

82.    Pursuant to the terms of the Master Lease, GLI transferred title of the replacement bus to the Bank of Oklahoma, N.A.

83.    After and since the subject accident, and due to the subject accident, GLI has paid and will continue to pay no-fault benefits.

84.    As a result of all of the foregoing, GLI has been damaged and continues to be damaged, and has sustained loss including but not limited to property damage, economic loss, business interruption, loss of revenue and loss of income.

85.    GLI's damages and losses as described above are due to, among other things, UNICCO's wrongful conduct, acts, omissions, negligence, carelessness, recklessness, breach of contract and/or breach of the tire maintenance agreement.

86.    The amount in controversy pertaining to the damages and loss suffered by GLI exceeds $75,000 exclusive of interest.

87.    Defendant/third-party plaintiff, GLI has been damaged, and continues to be damaged, by third-party defendant, UNICCO's conduct and is entitled to damages in an amount in excess of $75,000.  GLI is entitled to recover all of the damages and losses described above

from UNICCO. GLI is also entitled to interest since the date of the subject accident.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## AGAINST THIRD-PARTY DEFENDANT, GOODYEAR
### (COMMON LAW INDEMNIFICATION)

88.     Defendant/third-party plaintiff, GLI, repeats and realleges each and every allegation set forth above in paragraphs "1" through "55" as though fully set forth at length herein.

89.     That although defendant/third-party plaintiff, GLI, has denied the allegations of wrongdoing asserted against it by the plaintiff, nevertheless, should said defendant/third-party plaintiff be found liable to the plaintiff, such liability will have been the result of the active and affirmative wrongdoing of third-party defendant, GOODYEAR, while the wrongdoing of GLI will have been passive and secondary.

90.     By reason of all of the foregoing, defendant/third-party plaintiff, GLI, is entitled to full indemnity from third-party defendant, GOODYEAR.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
## AGAINST THIRD-PARTY DEFENDANT, GOODYEAR
### (CONTRIBUTION)

91.     Defendant/third-party plaintiff, GLI, repeats and realleges each and every allegation set forth above in paragraphs "1" through "55" as though fully set forth at length herein.

92.     That although defendant/third-party plaintiff, GLI, denied the allegations of wrongdoing asserted against it by the plaintiff, nevertheless, should said defendant/third-party plaintiff be found liable to the plaintiff and should said defendant/third-party plaintiff not be awarded full indemnity on the seventh cause of action of this Third-Party Complaint, then defendant/third-party plaintiff, GLI, is entitled to an apportionment of fault against third-party

defendant, GOODYEAR, in proportion to the relative degrees of fault or wrongdoing as between defendant/third-party plaintiff on the one part and the third-party defendant, GOODYEAR, on the other part.

93.    By reason of the foregoing, defendant/third-party plaintiff, GLI, is entitled to contribution and/or partial indemnity from the third-party defendant, GOODYEAR, in accordance with the relative degrees of fault or wrongdoing of the parties.

**AS AND FOR A NINTH CAUSE OF ACTION**
**AGAINST THIRD-PARTY DEFENDANT, GOODYEAR**
**(CONTRACTUAL INDEMNIFICATION)**

94.    Defendant/third-party plaintiff, GLI, repeats and realleges each and every allegation above set forth in paragraphs "1" through "55" as though fully set forth at length herein.

95.    That pursuant to the Agreement made by and between defendant/third-party plaintiff, GLI, on the one part, and third-party defendant, GOODYEAR, on the other part, third-party defendant, GOODYEAR undertook to indemnify, fully or partially, defendant/third-party plaintiff, GLI, for loss, claims and/or damage arising out of or in connection with the aforesaid Agreement.

96.    By reason of all of the above and the Agreement, defendant/third-party plaintiff, GLI, is entitled to either complete indemnification or partial indemnity by contract from third-party defendant, GOODYEAR, for any verdict, judgment or settlement reached in this action against GLI, together with costs, expenses, disbursements and attorneys' fees.

## AS AND FOR A TENTH CAUSE OF ACTION
## AGAINST THIRD-PARTY DEFENDANT, GOODYEAR
### (PROPERTY DAMAGE/ECONOMIC LOSS)

97.    Defendant/third-party plaintiff, GLI, repeats and realleges each and every allegation above set forth in paragraphs "1" through "55" as though fully set forth at length herein.

98.    Before the subject accident, the subject bus was leased by GLI from the Bank of Oklahoma, N.A. pursuant to a Master Lease Agreement dated February 16, 2000 (hereinafter referred to as "the Master Lease"). GLI begs leave to refer to the Master Lease at the time of trial.

99.    The Master Lease was in effect at the time of the subject accident.

100.    After the subject accident, and pursuant to the terms of the Master Lease, GLI replaced the subject bus with another bus of the same type and manufacturer that was owned by GLI (hereinafter referred to as "the replacement bus").

101.    Pursuant to the terms of the Master Lease, GLI transferred title of the replacement bus to the Bank of Oklahoma, N.A.

102.    After and since the subject accident, and due to the subject accident, GLI has paid and/or will continue to pay no-fault benefits.

103.    As a result of all of the foregoing, GLI has been damaged and continues to be damaged, and has sustained loss including but not limited to property damage, economic loss, business interruption, loss of revenue and loss of income.

104.    GLI's damages and losses as described above are due to, among other things, GOODYEAR's: wrongful conduct; acts; omissions; negligence, carelessness and/or recklessness (including but not limited to negligence, carelessness and/or recklessness in the design,

383355.1

17

construction, assembly, fabrication, manufacturer, service, maintenance and/or repair of the subject tires, the G409 tires, including the left front tire; breach of the Agreement; breach of contract; breach of warranties (including but not limited to those in the Agreement and those created by operation of law); and/or strict products liability.

105.    The amount in controversy pertaining to the damages and losses suffered by GLI exceeds $75,000 exclusive of interest.

106.    Defendant/third-party plaintiff, GLI, has been damaged and continues to be damaged by third-party defendant, GOODYEAR's conduct and is entitled to damages in an amount in excess of $75,000. GLI is entitled to recover all of the damages and losses described above from GOODYEAR. GLI is also entitled to interest since the date of the subject accident.

**WHEREFORE**, the defendant/third-party plaintiff, GREYHOUND LINES, INC. demands judgment against third-party defendants, MOTOR COACH INDUSTRIES, INC., UGL UNICCO, Formerly Known As UNICCO Service Company and THE GOODYEAR TIRE & RUBBER COMPANY, as follows:

1.    For indemnity on the First Cause of Action;

2.    For contribution on the Second Cause of Action;

3.    For damages in excess of the $75,000 jurisdictional limit of this Court on the Third Cause of Action, plus interest.

4.    For indemnity on the Fourth Cause of Action;

5.    For contribution on the Fifth Cause of Action;

6.    For damages in excess of the $75,000 jurisdictional limit of this Court on the Sixth Cause of Action, plus interest;

7.    For indemnity on the Seventh Cause of Action;

383355.1

8.      For contribution on the Eighth Cause of Action;

9.      For contractual indemnity of the Ninth Cause of Action;

10.      For damages in excess of the $75,000 jurisdictional limit of this Court on the Tenth Cause of Action, plus interest.

Together with costs, disbursements, fees and expenses, and such damages as are allowable under the law, inclusive of counsel fees.

**Dated:**      **New York, New York**
           **April 23, 2008**

                          **Yours, etc.,**

                          **FABIANI COHEN & HALL, LLP**

                          **Kevin B. Pollak (KBP 6098)**
                          **Attorneys for Defendant/**
                            **Third-Party Plaintiff**
                          **GREYHOUND LINES, INC.**
                          **570 Lexington Avenue, 4th Floor**
                          **New York, New York  10022**
                          **(212) 644-4420**

**TO:**     **MOTOR COACH INDUSTRIES, INC.**
          **1700 East Golf Road**
          **Schaumburg, Illinois  60173**
          **(866) 624-2622**

          **UGL UNICCO**
          **275 Grove Street**
          **Auburndale, Massachusetts  02466**

          **GOODYEAR TIRE & RUBBER COMPANY**
          **1144 East Market Street**
          **Akron, Ohio  44316**

383355.1

# EXHIBIT A

09/10/2007 MON 15:59  FAX                                                      ☒005/☐☐

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CINDYLYN LAMARCHE

                                Plaintiff,                           COMPLAINT

       -against-

GREYHOUND LINES, INC. and
LAIDLAW INTERNATIONAL, INC.

                                Defendants.

### PLAINTIFF DEMANDS A TRIAL BY JURY.

The plaintiff, through her attorney, E. STEWART JONES, PLLC, alleges:

### JURISDICTION

1.     That at all times relevant, the plaintiff CINDYLYN LAMARCHE was a citizen of Canada.

2.     That at all times relevant, the defendant, GREYHOUND LINES, INC., was a Delaware corporation authorized to do business in the State of New York.

3.     That at all times relevant, the defendant, GREYHOUND LINES, INC., was a subsidiary of defendant, LAIDLAW INTERNATIONAL, INC.

4.     That at all times relevant, the defendant, LAIDLAW INTERNATIONAL, INC., was a Delaware corporation which operated intercity passenger bus lines throughout the United States and Canada, including New York State.

5.     That at all times relevant, the defendant, GREYHOUND LINES, INC., was a common carrier whose primary business was to provide intercity passenger bus service in the United States and which owned and operated multiple passenger buses, including bus #4014.

6.     That at all times relevant, the defendant, GREYHOUND LINES, INC., operated its business from numerous locations throughout the State of New York, including New York City,

1

Albany and Saratoga Springs.

7.    The amount in controversy exceeds $75,000.00, exclusive of costs, interest and attorney's fees.

8.    This Court has jurisdiction over this matter between the plaintiff and the defendants pursuant to the diversity of citizenship provision of 28 U.S.C. § 1332.

9.    Defendants are subject to *in personam* jurisdiction in the Northern District of New York pursuant to the provisions of Federal Rule of Civil Procedure 4(e)(1) in that defendants are subbject to long-arm jurisdiction under New York State law pursuant to Civil Practice Law and Rules §302 as a non-domiciliary that committed a tortious act within the state.

### FACTS

9.    On August 28, 2006, Greyhound bus #4014 departed New York City bound for Montreal, Canada, stopping to pick up additional passengers along the way, including stops at Albany and Saratoga Springs.

10.    On August 28, 2006, at approximately 6:45 p.m., the said Greyhound bus was traveling north on Interstate 87 in Essex County, New York when it went off the highway and rolled over in the median.

11.    As a result of the aforesaid accident, many passengers of the said Greyhound bus were injured, including the plaintiff herein.

### FOR A CAUSE OF ACTION FOR PERSONAL INJURIES:

12.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs numbered "1" through "11" herein, as if fully set forth at length herein.

13.    That on August 28, 2006, the aforesaid Greyhound bus #4014 was driven by an agent and/or employee of defendants, GREYHOUND LINES, INC. and/or LAIDLAW INTERNATIONAL, INC., said driver acting in the course and scope of his employment with the said defendants, which defendants are thus vicariously responsible for the acts of negligence and/or gross negligence of the driver pursuant to the *Doctrine of Respondeat Superior.*

2

13.    That by reason of the aforesaid, as a direct and proximate result of the negligence, gross negligence and/or recklessness of the defendants, the plaintiff sustained serious and permanent personal injuries and substantial damages.

14.    That the incident and the injuries and damages were caused by the negligent acts of the defendants, without any fault on the part of the plaintiff contributing thereto.

15.    That by reason of the foregoing, the plaintiff has sustained damages in excess of $75,000.00, exclusive of costs, interest and attorney's fees.

WHEREFORE, the plaintiff demands judgment against the defendants jointly and severally for damages in excess of $75,000.00, together with the costs and disbursements of this action, and for such other and further relief as to the Court seems just and proper.

DATED: August 21, 2007

                        s/E. Stewart Jones, Jr.
                        E. STEWART JONES, JR.
                        Bar Roll Number 103064
                        E. STEWART JONES, ESQ.
                        Attorney for Plaintiff
                        Office and P.O. Address
                        28 Second Street
                        Troy, New York 12181

# EXHIBIT B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CINDYLYN LAMARCHE,

        **Plaintiff,**      **8: 07-CV-0861 (LEK/DRH)**

   - against -            **ANSWER**

GREYHOUND LINES, INC. and LAIDLAW
INTERNATIONAL, INC.,        **JURY TRIAL**
                **DEMANDED**
         **Defendants.**
----------------------------------------------------------------X

   Defendants, GREYHOUND LINES, INC. and LAIDLAW INTERNATIONAL, INC., as

and for an answer to plaintiff's Complaint, set forth, upon information and belief, the following:

**JURISDICTION**

   FIRST:   Deny knowledge or information sufficient to form a belief as to the truth

of the allegations contained in Paragraph No. "1" of the plaintiff's Complaint.

   SECOND:  Admit the allegations contained in Paragraph No. "2" of the plaintiff's

Complaint.

   THIRD:   Deny each and every allegation contained in Paragraph No. "3" of the

plaintiff's Complaint.

   FOURTH:  Deny the allegations contained in Paragraph No. "4" of the plaintiff's

Complaint, except admit that LAIDLAW INTERNATIONAL INC., is a Delaware corporation.

   FIFTH:   Deny the allegations contained in Paragraph No. "5" of the plaintiff's

Complaint, except admit that defendant GREYHOUND LINES, INC. was and is in the business

of utilizing buses, some of which are owned by defendant GREYHOUND LINES, INC., to

transport passengers.

SIXTH:      Deny the allegations contained in Paragraph No. "6" of the plaintiff's Complaint, except admit that as of August 28, 2006 the defendant, GREYHOUND LINES, INC., had regularly scheduled stops at various locations throughout the State of New York including New York City, Albany and Saratoga Springs.

SEVENTH:    Deny each and every allegation contained in Paragraph No. "7" of the plaintiff's Complaint and respectfully refer all questions of law to the determination of the Trial Court.

EIGHTH:     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "8" of the plaintiff's Complaint and respectfully refer all questions of law to the determination of the Trial Court.

NINTH:      Deny each and every allegation contained in the first Paragraph No. "9" of the plaintiff's Complaint and respectfully refer all questions of law to the determination of the Trial Court.

## FACTS

TENTH:      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second Paragraph No. "9" of the plaintiff's Complaint, except admit that on August 28, 2006, a bus being operated by Ronald Burgess, an employee of defendant GREYHOUND LINES, INC., departed New York City bound for Montreal, Canada, with scheduled stops in Albany and Saratoga Springs, New York.

ELEVENTH:   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "10" of the plaintiff's Complaint, except admit that on August 28, 2006, the said bus which was being operated by Ronald Burgess and which was traveling north on Interstate 87, New York, left the roadway.

2

TWELFTH:   Deny each and every allegation contained in Paragraph No. "11" of the plaintiff's Complaint.

## ANSWERING THE CAUSE OF ACTION FOR PERSONAL INJURIES

THIRTEENTH:      In response to Paragraph No.  "12" the plaintiff's Complaint, the answering defendants repeat, reiterate and reallege each and every admission, assertion and denial contained in Paragraph Nos. "FIRST" through "TWELFTH" hereinabove as though more fully set forth at length herein.

FOURTEENTH:      Deny the allegations contained in Paragraph No. "13" of the plaintiff's Complaint, except admit that on August 28, 2006, and at the time of the accident at issue in this litigation, Ronald Burgess was operating an MCI bus, model 102DL3, bearing Texas registration number R7HW58 with the permission and consent of defendant GREYHOUND LINES, INC. and within the scope of his employment by defendant GREYHOUND LINES, INC. and respectfully refer all questions of law to the determination of the Trial Court.

FIFTEENTH: Deny each and every allegation contained in a subsequent Paragraph designated as No. "13" of the plaintiff's Complaint.

SIXTEENTH: Deny each and every allegation contained in Paragraph No. 14" of the plaintiff's Complaint.

SEVENTEENTH:      Deny each and every allegation contained in Paragraph No. "15" of the plaintiff's Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

EIGHTEENTH:      Upon information and belief, any damages sustained by the plaintiff herein were not caused by any negligence or carelessness on the part of the answering defendants, their servants, agents or employees, but were caused solely by the negligence and

carelessness of the plaintiff and that such conduct requires diminution of any award, verdict or judgment that plaintiff may recover against the answering defendant.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

NINETEENTH:        Notwithstanding that the answering defendants have denied liability herein, in the event that liability is found, the liability of the answering defendants shall be fifty percent or less of the total liability assigned to all persons liable and pursuant to CPLR §1601 et seq., the liability of the answering defendants for non-economic loss shall not exceed their equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability of non-economic loss.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

TWENTIETH:        That to the extent plaintiff recovers any damages for the cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings and/or other economic loss, the amount of the award shall be reduced by the sum total of all collateral reimbursements, from whatever source, whether it be insurance, social security payments, Workers' Compensation, employee benefits or other such programs, in accordance with the provisions of the CPLR §4545.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

TWENTY-FIRST:    Upon information and belief, the injuries sustained by plaintiff are such that they do not fall within the requirements of Insurance Law §5102, et seq.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

TWENTY-SECOND:        The plaintiff's Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

TWENTY-THIRD:    There are prior actions pending in the Southern District of New York which arise out of the same alleged accident which forms the basis of the instant litigation.

**WHEREFORE,**   defendants,   GREYHOUND   LINES,   INC.,   and   LAIDLAW INTERNATIONAL, INC., demand:

1.    Judgment dismissing the Complaint;

2.    Together with the costs and disbursements of this action.

**Dated:**    **New York, New York**
          **September 17, 2007**

                    Yours, etc.,

                    FABIANI COHEN & HALL, LLP

                    Kevin B. Pollak
                    **Northern  District Bar Number: 514693**
                    **Attorneys for Defendants**
                    **GREYHOUND LINES, INC., and**
                    **LAIDLAW INTERNATIONAL, INC.**
                    **570 Lexington Avenue, 4th Floor**
                    **New York, New York  10022**
                    **(212) 644-4420**

TO:    **E. STEWART JONES, PLLC**
      **E. Stewart Jones, Jr.**
      **Bar Roll Number 103064**
      **Attorney for Plaintiff**
      **28 Second Street**
      **Troy, New York 12181**
      **(518) 274-5820**

5

----------------------------------------------------------------X

CINDYLYN LAMARCHE,

                             Plaintiff,                    08 CIV. 2438 (PKL)

       v.

                                                 **[Related to**
                                                 06 CIV 13371 (PKL)

GREYHOUND LINES, INC.,

                             Defendant.

----------------------------------------------------------------X

GREYHOUND LINES, INC.,

                             Third-Party Plaintiff,

       - against -

MOTOR COACH INDUSTRIES, INC., UGL
UNICCO, Formerly Known As UNICCO Service
Company and THE GOODYEAR TIRE &
RUBBER COMPANY,

                           Third-Party Defendants.

----------------------------------------------------------------X

## THIRD-PARTY COMPLAINT

**FABIANI COHEN & HALL, LLP**
**Attorneys for Defendant/Third-Party Plaintiff**
**GREYHOUND LINES, INC.**
**570 Lexington Avenue-4th Floor**
**New York, New York 10022**
**(212) 644-4420**

To:  Attorney(s) for:
Sir(s):

        PLEASE TAKE NOTICE that a                 of which the within is a (true)
(certified) copy

       [ ]NOTICE OF ENTRY *was duly entered in the within named court on*         2008

       [ ]NOTICE OF SETTLEMENT *will be presented for settlement to the Hon.*
*one of the judges of the within named court at the Courthouse at* on    ,   2008 at     o'clock

Dated:

                              Yours, etc.,
                  FABIANI COHEN & HALL, LLP
                  570 Lexington Avenue, 4th Floor
                  New York, New York 10022
                  (212) 644-4420

To:

Attorney(s) for: