UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CINDYLYN LAMARCHE,

                  Plaintiff,

        v.

GREYHOUND LINES, INC.,

                  Defendant.
-----------------------------------------------------------------X
GREYHOUND LINES, INC.,

                  Third-Party Plaintiff,

        v.

MOTOR COACH INDUSTRIES, INC., UGL
UNICCO, Formerly Known As UNICCO Service
Company and THE GOODYEAR TIRE &
RUBBER COMPANY,

                  Third-Party Defendants.
-----------------------------------------------------------------X

REPLY TO
COUNTER-CLAIMS

08 CIV 2438 (PKL)

[Related to
06 CIV 13371 (PKL)]

JURY TRIAL
DEMANDED

Defendant/Third-Party Plaintiff, GREYHOUND LINES, INC., by its attorneys, FABIANI COHEN & HALL, LLP, as and for a Reply to Counter-Claims of Third-Party Defendant, THE GOODYEAR TIRE & RUBBER COMPANY ("Goodyear"), sets forth, upon information and belief, the following:

AS AND FOR AN ANSWER TO THE
FIRST COUNTER-CLAIM AGAINST
<u>GREYHOUND LINES, INC.</u>

ONE HUNDRED THIRTY-FIRST: Defendant/Third-Party Plaintiff, Greyhound Lines, Inc., denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "131" of the Third-Party Defendant, Goodyear's Answer to Third Party Complaint, except denies all allegations set forth in Paragraph Nos. "1" through "130" of

386016.1

Third-Party Defendant, Goodyear's Answer to Third-Party Complaint to the extent the allegations are made against Greyhound Lines, Inc. and begs leave to refer to all relevant agreements for their complete terms and conditions.

ONE HUNDRED THIRTY-SECOND: Defendant/Third-Party Plaintiff, Greyhound Lines, Inc., denies each and every allegation contained in Paragraph No. "132" of the Third-Party Defendant, Goodyear's Answer to Third-Party Complaint to the extent the allegations are made against Greyhound Lines, Inc.

ONE HUNDRED THIRTY-THIRD: Defendant/Third-Party Plaintiff, Greyhound Lines, Inc., denies each and every allegation contained in Paragraph No. "133" of the Third-Party Defendant, Goodyear's Answer to Third-Party Complaint to the extent the allegations are made against Greyhound Lines, Inc.

**AS AND FOR AN ANSWER TO THE
SECOND COUNTER-CLAIM AGAINST
<u>GREYHOUND LINES, INC.</u>**

ONE HUNDRED THIRTY-FOURTH: Defendant/Third-Party Plaintiff, Greyhound Lines, Inc., repeats, reiterates, realleges and incorporates herein each and every assertion and denial in response to Paragraph Nos. "131" through "133" of Goodyear's Answer to Third-Party Complaint above as though more fully set forth at length herein.

ONE HUNDRED THIRTY-FIFTH: Defendant/Third-Party Plaintiff, Greyhound Lines, Inc., denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "135" of Third-Party Defendant, Goodyear's Answer to Third-Party Complaint, except admits that Greyhound Lines, Inc., and Goodyear entered into an agreement dated October 3, 2000 and begs leave to refer to the terms of said agreement at the time of trial.

ONE HUNDRED THIRTY-SIXTH: Defendant/Third-Party Plaintiff, Greyhound Lines, Inc., denies knowledge or information sufficient to form a belief as to the truth of the allegations

386016.1

contained in Paragraph No. "136" of Third-Party Defendant, Goodyear's Answer to Third-Party Complaint, except admits that Greyhound Lines, Inc., and Goodyear entered into an agreement dated October 3, 2000 and begs leave to refer to the terms of said agreement at the time of trial.

ONE HUNDRED THIRTY-SEVENTH: Defendant/Third-Party Plaintiff, Greyhound Lines, Inc., denies each and every allegation contained in Paragraph No. "137" of the Third-Party Defendant, Goodyear's Answer to Third-Party Complaint, except admits that counsel for Goodyear sent a letter dated January 30, 2008 to counsel for Greyhound Lines, Inc. and that counsel for Greyhound Lines, Inc., responded by letter dated February 5, 2008.

ONE HUNDRED THIRTY-EIGHTH: Defendant/Third-Party Plaintiff, Greyhound Lines, Inc., denies each and every allegation contained in Paragraph No. "138" of the Third-Party Defendant, Goodyear's Answer to Third-Party Complaint.

ONE HUNDRED THIRTY-NINTH: Defendant/Third-Party Plaintiff, Greyhound Lines, Inc., denies each and every allegation contained in Paragraph No. "139" of the Third-Party Defendant, Goodyear's Answer to Third-Party Complaint.

## AS AND FOR AN ANSWER TO THE SECOND CROSS-CLAIM AGAINST UNICCO

ONE HUNDRED FORTHIETH: Defendant/Third-Party Plaintiff, Greyhound Lines, Inc., repeats, reiterates, realleges and incorporates herein each and every assertion and denial in response to Paragraph Nos. "131" through "139" of Goodyear's Answer to Third-Party Complaint above as though more fully set forth at length herein.

ONE HUNDRED FORTY-FIRST: Defendant/Third-Party Plaintiff, Greyhound Lines, Inc., denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "141" of Third-Party Defendant, Goodyear's Answer to Third-Party Complaint except admits that on or about August 30, 1995 Goodyear entered into an Agreement (the Agreement") with Ogden Cisco, Inc. ("Ogden") and begs to leave to refer to the Agreement for its complete terms and conditions.

ONE HUNDRED FORTY-SECOND: Defendant/Third-Party Plaintiff, Greyhound Lines, Inc., denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "142" of Third-Party Defendant, Goodyear's Answer to Third-Party Complaint except admits that on or about September 11, 1996, Ogden assigned the Agreement to UNICCO Service Company and begs to leave to refer to the Assignment for its complete terms and conditions.

ONE HUNDRED FORTY-THIRD: Defendant/Third-Party Plaintiff, Greyhound Lines, Inc., admits each and every allegation contained in Paragraph No. "143" of Third-Party Defendant, Goodyear's Answer to Third-Party Complaint.

ONE HUNDRED FORTY-FOURTH: Defendant/Third-Party Plaintiff, Greyhound Lines, Inc., denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "144" of Third-Party Defendant, Goodyear's Answer to Third-Party Complaint except admits that the above-mentioned Agreement dated August 30, 1995 and the Assignment were in full force and effect and binding upon Unicco on August 28, 2006 and begs to leave to refer to the Agreement and Assignment for their complete terms and conditions.

ONE HUNDRED FORTY-FIFTH:  Defendant/Third-Party Plaintiff, Greyhound Lines, Inc., denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "145" of Third-Party Defendant, Goodyear's Answer to Third-Party Complaint and begs to leave to refer to the Agreement for its complete terms and conditions.

ONE HUNDRED FORTY-SIXTH:  Defendant/Third-Party Plaintiff, Greyhound Lines, Inc., denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "146" of Third-Party Defendant, Goodyear's Answer to Third-Party Complaint and begs to leave to refer to the Agreement for its complete terms and conditions.

ONE HUNDRED FORTY-SEVENTH:  Defendant/Third-Party Plaintiff, Greyhound Lines, Inc., denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "147" of Third-Party Defendant, Goodyear's Answer to Third-Party Complaint.

ONE HUNDRED FORTY-EIGHTH:  Defendant/Third-Party Plaintiff, Greyhound Lines, Inc., denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "148" of Third-Party Defendant, Goodyear's Answer to Third-Party Complaint.

WHEREFORE, defendant/third-party plaintiff, GREYHOUND LINES, INC., demands:

1. Judgment dismissing the Plaintiff's Complaint;

2. Judgment dismissing Goodyear's Counter-Claims against Defendant/Third-Party Plaintiff, GREYHOUND LINES, INC.

386016.1

3.   Together with the costs and disbursements of this action.

**Dated:**   New York, New York
May 13, 2008

                              Yours, etc.,

                              **FABIANI COHEN & HALL, LLP**

                              _____
                              Kevin B. Pollak (KBP 6098)
                              **Attorneys for Defendant/**
                              **Third-Party Plaintiff**
                              **GREYHOUND LINES, INC.**
                              570 Lexington Avenue, 4th Floor
                              New York, New York 10022
                              (212) 644-4420

**TO:**   HERRICK, FEINSTEIN, LLP
       Attorneys for Third-Party Defendant
       THE GOODYEAR TIRE & RUBBER
       COMPANY
       2 Park Avenue
       New York, New York 10016
       (212) 592-1400

       KREINDLER & KREINDLER
       Attorneys for Plaintiff
       CINDYLYN LAMARCHE
       100 Park Avenue, 18th Floor
       New York, New York 10017
       (212) 687-8181

       E. STEWART JONES, PLLC
       Attorney for Plaintiff
       CINDYLYN LAMARCHE
       28 Second Street
       Troy, New York 12181
       (518) 274-5820

       NOVACK BURNBAUM CRYSTAL LLP
       Attorneys for Third-Party Defendant,
       MOTOR COACH INDUSTRIES, INC.
       300 East 42nd Street
       New York, New York 10017
       (212) 682-4002

386016.1

**QUIRK and BAKALOR, P.C.**
**Attorneys for Third-Party Defendant**
**UGL UNICCO**
845 Third Avenue, 15th Floor
New York, New York  10022
(212) 319-1000

LaMarche v. Greyhound Lines, Inc., et al. v. Motor Coach Industries, Inc., et al.
Civil Action No.: 08 CIV 2438 (PKL)
Our File No. 818.34464

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing **REPLY TO COUNTER-CLAIMS** was served via CM/ECF and First-Class Mail, postage prepaid, this 13th day of May, 2008, to:

> HERRICK, FEINSTEIN, LLP
> Attorneys for Third-Party Defendant
> THE GOODYEAR TIRE & RUBBER
> COMPANY
> 2 Park Avenue
> New York, New York  10016
>
> KREINDLER & KREINDLER
> Attorneys for Plaintiff
> CINDYLYN LAMARCHE
> 100 Park Avenue, 18th Floor
> New York, New York  10017
>
> E. STEWART JONES, PLLC
> Attorney for Plaintiff
> CINDYLYN LAMARCHE
> 28 Second Street
> Troy, New York  12181
>
> NOVACK BURNBAUM CRYSTAL LLP
> Attorneys for Third-Party Defendant,
> MOTOR COACH INDUSTRIES, INC.
> 300 East 42nd Street
> New York, New York  10017
>
> QUIRK and BAKALOR, P.C.
> Attorneys for Third-Party Defendant
> UGL UNICCO
> 845 Third Avenue, 15th Floor
> New York, New York  10022

_____
Kevin B. Pollak (6098)

Sworn to before me this
13th day of May, 2008.

_____
APRIL D SMITH LITTLE
NOTARY PUBLIC, State of New York
No. 01SM6085371
Qualified in Bronx County
Commission Expires 6 / 01 / 20 11

386014.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CINDYLYN LAMARCHE,

                        Plaintiff,                  08 CIV. 2438 (PKL)

    v.                                             [Related to
                                                      06 CIV 13371 (PKL)
GREYHOUND LINES, INC.,

                        Defendant.
-------------------------------------------------------------------X
GREYHOUND LINES, INC.,

                        Third-Party Plaintiff,

   - against -

MOTOR COACH INDUSTRIES, INC., UGL
UNICCO, Formerly Known As UNICCO Service
Company and THE GOODYEAR TIRE &
RUBBER COMPANY,

                        Third-Party Defendants.
-------------------------------------------------------------------X

## REPLY TO COUNTER-CLAIMS

**FABIANI COHEN & HALL, LLP**
Attorneys for Defendant/Third-Party Plaintiff
GREYHOUND LINES, INC.
570 Lexington Avenue-4th Floor
New York, New York 10022
(212) 644-4420

To: Attorney(s) for:
Sir(s):

    PLEASE TAKE NOTICE that a                   of which the within is a (true)
(certified) copy

       [ ]NOTICE OF ENTRY *was duly entered in the within named court on*     2008

       [ ]NOTICE OF SETTLEMENT *will be presented for settlement to the Hon.*
*one of the judges of the within named court at the Courthouse at* on  ,  2008 at   o'clock

Dated:

                            Yours, etc.,
                   FABIANI COHEN & HALL, LLP
                    570 Lexington Avenue, 4th Floor
                      New York, New York 10022
                          (212) 644-4420

To:

Attorney(s) for: